WILSON-OBEAR GROCERY COMPANY, Appellant, v. W.
C. COLE ET AL., Respondents.

**St. Louis Court of Appeals, May 3, 1887.**

<div style="float:right">26   5<br>60  422</div>

1. ATTACHMENT — GROUNDS OF—PARTNERSHIP.—An attachment, on
the ground that the defendants are about to fraudulently dispose
of their property, to hinder and delay their creditors, is sustained
by proof that one of the co-partner defendants was about to so dis-
pose of the partnership property.

2. ——— PARTNER ANSWERABLE FOR CO-PARTNER'S FRAUD, WHEN.
A partnership firm is liable for the fraud of one co-partner, touch-
ing co-partnership property, although the other co-partners are not
cognizant of the fraud.

APPEAL from the Stoddard County Circuit Court,
JOHN G. WEAR, Judge.

*Reversed and remanded.*

HOUCK & KEATON, for the appellant: Fraud is a
generic term, and embraces all the multifarious means
which human ingenuity can devise, and which are re-
sorted to by one to get an advantage of another. *Barr
v. Baker*, 9 Mo. 850 ; *Brownlee v. Hewitt*, 1 Mo. App.
360, 366. It is rarely, if ever, susceptible of direct proof,
and slight circumstances may form the strong proof of
fraud. *Hopkins v. Sievert*, 58 Mo. 201 ; *Burgert v. Bor-
chert*, 59 Mo. 80. The court erred in the second instruc-
tion for the defendants, to the effect that the firm and
co-partnership property and effects of the defendants
could not be affected by the act of one partner only, for
W. C. Cole was in possession of the entire partnership
property and effects at the time he attempted to hire the
witness, Waller, to burn the same, and had full power,
as a member of the firm, to dispose of all the said prop-
erty and effects, in the same manner, and with the same

power, as all the partners could do when acting together. *Ashley v. Shaw*, 82 Mo. 76, 81; *Bryan v. Hawkins*, 47 Mo. 410; *Chester v. Dickson*, 13 Am. Rep. 550; Story on Partnership, sect. 108.

S. J. KITCHEN and F. H. MAULDEN, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff is a trading corporation, and the defendants are, and were, at the date of the matters complained of, co-partners. The action is by attachment, and one of the grounds assigned in the plaintiff's affidavit is, that the defendants "are about fraudulently to conceal, remove, and dispose of their property and effects so as to hinder and delay their creditors."

Upon the trial of the plea in abatement, the plaintiff gave evidence tending to show that the defendants were embarrassed, and expecting the levy of some executions upon their store goods, and that Wm. C. Cole, one of the defendant partners, offered to hire a man to set fire to the store, which was insured to a considerable amount. There was no evidence connecting the defendant co-partner, Wm. F. Cole, with this attempted wrong.

The court refused to charge the jury, upon the request of the plaintiff, that it was not necessary for the plaintiff to prove "that all the members of the firm were engaged in such attempts or designs," and did charge the jury, upon the defendants' request, as follows:

"The court instructs the jury that, unless they believe, from the evidence, that both of the defendants, W. C. Cole and W. F. Cole, were attempting to fraudulently dispose of their property, for the purpose of hindering, delaying, and defrauding their creditors, then they will find for the defendants; that, if they should find, from the evidence, that William C. Cole did at-

tempt to hire the witness, Waller, to burn the house, and made propositions therefor, yet, unless they find further, that W. F. Cole was a party thereto, they will find for the defendants.''

The refusal of the plaintiff's instruction, and the giving of that of the defendants, are, among other things, assigned for error.

The action of the court upon these instructions was clearly erroneous. The alleged fraud was one touching the partnership property, and was about to be committed, presumably, for the benefit of the partnership. In such cases the partnership is liable for the wrong. 1 Lindley on Co-partnership [4 Am. Ed.] 302; *Estabrook v. Messersmith*, 18 Wis. 545; *Tenney v. Foote*, 95 Ill. 101; *Doremus v. McCormick*, 7 Gill. 49; *Durant v. Rogers*, 87 Ill. 508; *Case v. Fogg*, 46 Mo. 44. Since a partner has, by virtue of his position, control of the goods, and may conceal or remove them, or, even without the consent of his co-partner, make a valid disposition of them to third persons, any other holding would put the creditors of a firm at the mercy of a fraudulent partner.

For these errors, in giving the instruction of the defendants, and refusing that of the plaintiff, the judgment must be reversed and the cause remanded. It is so ordered. Thompson, J., concurs; Lewis, P. J., is absent.