Dudley v. Love.

---

PETER W. DUDLEY, Respondent, v. HUGH LOVE *et al.*, Appellants.

St. Louis Court of Appeals, January 15, 1895.

1. **Partnership:** LIABILITY FOR TORTS OF ONE PARTNER. *Held*, in the course of discussion, that all the members of a partnership are liable for the torts of one of the partners, committed in furtherance of the partnership business and for its benefit.

2. **Animals Trespassing on the Premises:** DESTRUCTION BY
POISONED MEAT. The keeper of a slaughter house, who negligently
puts out poisoned meat on his own premises, is liable for the death of a
trespassing dog through the eating of it, if he could reasonably have
anticipated that the dog would get at the meat where it was placed
by him.

*Appeal from the Louisiana Court of Common Pleas.—*
HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Fagg & Ball* for appellants.

*Ras. Pearson* and *E. B. Hicks* for respondents.

ROMBAUER, P. J.—The defendants are partners
engaged in business as butchers, and as such operate a
slaughterhouse in the vicinity of a public road. They
are sued in this action for the value of a hound belong-
ing to plaintiff, which, as the statement alleges, was
killed by them wantonly, maliciously and negligently.
Upon the trial the plaintiff recovered a verdict for the
sum of eight dollars, and the defendants appeal, and
assign for error that the verdict is not supported by
sufficient evidence, and that the court erred in refusing
an instruction offered by them.

On part of the plaintiff there was direct evidence
tending to show that the defendants put out poisoned
meat in or near their slaughterhouse, and inferential
evidence to the effect that two hounds belonging to the
plaintiff ate of the meat, and that one died in conse-
quence. The defendants claim that the evidence was
insufficient to charge Love, one of the defendants, as
his connection with the putting out of the poison was
not shown. This assignment may be disposed of by
stating that the defendant, Smith, himself testified that
his codefendant, Love, got the poison for Lafferty one

of their employees, and that they knew Lafferty was going to put it out in the slaughterhouse. Aside from this, however, the fact is shown that the act was done by one of the partners, in furtherance of the partnership business, and for its benefit, and this would have been sufficient to charge Love. *Case v. Fogg*, 46 Mo. 44, 48. *Wilson-Obear Gro. Co. v. Cole*, 26 Mo. App. 5, 7.

Touching the second assignment of error it suffices to say, that the court refused all the instructions asked the plaintiff, and on its own motion charged the jury in conformity with the law, as stated by us in the analogous case of *Gillum v. Sisson*, 53 Mo. App. 517, which came up from the same circuit. The defendants then prayed the court to instruct the jury as follows: "If the jury believe from the evidence in the cause that defendants placed poison on the inside of their slaughterhouse in a well guarded place, so as to protect same from dogs, and that defendants kept said slaughter house closed, then your verdict must be for the defendants, even though you may believe that said dog got inside of said slaughterhouse, and ate of the poison from the effects of which he died." The refusal of this instruction constitutes the second assignment of error.

The court did not err in refusing this instruction, as it was misleading, to say the least. It stated in effect that, if the defendants placed poison in a well guarded place inside of the slaughterhouse, the plaintiff was not entitled to recover; *non constat*, but that defendants may have placed other poison which was neither well guarded nor inside of the slaughterhouse. The court properly conditioned the plaintiff's right of recovery, by instructions given on its own motion, on the facts that the defendants negligently put out poison in a place, where they might reasonably anticipate the plantiff's dog would get at it, and that

the plaintiff's dog actually ate the poisoned meat thus placed, and died from its effects.

Judgment affirmed.   All concur.