JOHN A. PEELER, Respondent, v. JAMES McMILLAN, Appellant.

**Kansas City Court of Appeals, January 6, 1902.**

1. Dogs: MAIMING AND KILLING SHEEP: PLEADING: CONSTRUCTION OF. A petition set out in the opinion avers an action for maiming and killing sheep, and not for chasing, biting, maiming and worrying them.

2. ———: ———: ———: CONTRIBUTORY NEGLIGENCE: DEMURRER. An answer pleaded by way of contributory negligence that the plaintiff negligently allowed to remain on his premises the unburned carcasses of sheep and other stock and thereby invited the incursion of dogs, etc. *Held*, demurrable, since though the dogs were thus invited on the premises it can not be reasonably inferred they would also kill sheep.

3. ———: DAMAGES: EXCESSIVE: EVIDENCE. Evidence reviewed and verdict for damages for maiming sheep, held not excessive.

4. ———: KILLING SHEEP: OWNER: EVIDENCE. Evidence in the record held sufficient to send to the jury the question of defendant's ownership of the dogs killing the sheep.

5. ———: ———: EVIDENCE: INSTRUCTION. On the evidence in the record, an instruction that the fact that defendant killed his dog was no evidence that it had maimed plaintiff's sheep, was properly refused.

6. ———: ———: INSTRUCTION. Certain instructions are declared appropriate and not conflicting.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*John Cosgrove* for appellant.

(1) The court erred in sustaining the demurrer to part of the defendant's answer. Domestic animals, among which dogs are classed, have certain well-recognized propensities. Dogs will scent dead animals and go to their carcasses. Gillum v. Sisson, 53 Mo. App. 516. Courts will take judicial notice of such characteristics. 17 Am. and Eng. Ency. of Law (2 Ed.), 900; Dudley v. Love, 60 Mo. App. 420. There can be no recovery by plaintiff if his acts contributed to the injury complained of. Leduke v. Railroad, 4 Mo. App. 485; Thorpe v. Railroad, 89 Mo. 650; Mitchell v. Clinton, 99 Mo. 153; 1 Thompson on Negligence, p. 302. (2) The suit was for damages done by dogs, alleged to have "chased, bit, maimed and worried the sheep and lambs of the plaintiff." There is no allegation that these sheep were killed. R. S. 1899, sec. 6976. He could not allege one state of facts and recover upon another. Gurley v. Railroad, 93 Mo. 445; Price v. Railroad, 40 Mo. App. 189; Reed v. Bott, 100 Mo. 62. "The trial issues must be within the paper issues: The instructions must be framed with regard to the paper issues made." Hubbard v. Railroad, 63 Mo. 68; Kattelmann v. Fire Assn., 79 Mo. App. 447. (3) Plaintiff's suit was not founded upon the statute. Plaintiff did not allege that defendant knew his dog was vicious and a sheep-killing dog, and therefore no recovery can be had at common law. Jacobsmeyer v. Poggemoeller, 47 Mo. App. 560; Beckett v. Beckett, 48 Mo. 396; Hale v. Van Dever, 67 Mo. 734. (4) The damages assessed are excessive and the judgment should be reversed. Badgley v. St. Louis, 149 Mo. 122. The damages plaintiff sustained should have been reduced by the value of skins and wool taken from the carcasses of the dead sheep. This was not done and the damages assessed were excessive. Case v. Railroad, 75 Mo. 668. (5) The evidence as to whose dog or dogs chased, bit, worried and maimed the sheep on the 10th was not sufficient to make defendant liable. It was merely conjectural. (6) The evidence was clear that de-

fendant owned one dog only; that another dog was at his place, but he tried to drive it away. He was not the keeper of a stray dog and was not responsible for any damages done by it to plaintiff's sheep. Am. and Eng. Ency. of Law (2 Ed.), 376; Whittaker's Smiths Negligence, p. 106. (7) The fact that defendant killed his dog had no tendency to prove that his dog killed or maimed plaintiff's sheep. (8) Plaintiff's instruction No. 2 is in contradiction of No. 5 given to defendant.

*Sam C. Major* for respondent.

(1) The court was correct in sustaining plaintiff's demurrer to part of defendant's answer. (2) There is nothing in the second point. (3) At common law a person could not be made liable for injuries inflicted by vicious dogs belonging to him or kept by him unless the complaint averred and it was established on the trial that such owner or keeper was advised of the mischievous traits of his dogs. This is not the law, however, in Missouri. Section 6975, R. S. 1899. Jacobsmeyer v. Poggemoeller, 47 Mo. App. 560; 2 Shearman and Redfield on Neg. (4 Ed.), sec. 628. Shearman and Redfield on Neg. (3 Ed.), sec. 202; Swift v. Applebone, 23 Mich. 252. (4) The damages assessed are not excessive. (5) As to the sheep killed on the 10th, the evidence is that the sheep was all right the night before; that it was found on the morning of the 10th dead; there were dog tracks leading from this sheep down the road and went into the defendant's front yard gate. There is no question that a few days afterwards the defendant's dogs were found in the same field in the act of killing plaintiff's sheep. Wilbur v. Hubbard, 35 Barb (N. Y.) 303; Shearman and Redfield on Neg. (3 Ed.), sec. 206. (6) The evidence is clear that defendant was the keeper of two dogs. The evidence is that the two sheep maimed and injured were reasonably worth $10 each, and that "they were

torn all to pieces; one didn't get up for two or three days, and the other I saved by running the dogs off of it." (7) The petition speaks for itself. It is in the usual form and states everything necessary to be stated in an action of this character. R. S. 1899, sec. 6975, p. 1635; Boone's Forms and Pleading, p. 307; 1 Abbot's Forms of Pleading, p. 660; 2 Shearman and Redfield on Neg. (4 Ed.), sec. 628; Jacobsmeyer v. Poggemoeller, 47 Mo. App. 560. (8) The court committed no error in refusing defendant's instruction No. 1. Carroll v. Weiler, 1 Hun. N. Y. 605. Section 6975, R. S. 1899, page 1635. (9) There is no contradiction in the instructions, but, taken as a whole, they correctly declare the law.

BROADDUS, J.—This suit is predicated on chapter 100, Revised Statutes 1899, p. 1635, entitled "Dogs." As the form of the petition is questioned, it is necessary to set it out in full. Omitting the caption, said petition reads as follows:

"Plaintiff for his cause of action states at the times hereinafter mentioned the defendant was the keeper of several dogs. That on the tenth day of September, 1900, and on other days between that and the fifteenth day of September, 1900, at Howard county, Missouri, said dogs while in the keeping of defendant, wrongfully came upon the plaintiff's land, and there chased, bit, maimed and worried the sheep and lambs of the plaintiff. That in consequence thereof, eight thoroughbred Cotswold buck lambs, and one thoroughbred yearling buck of the plaintiff, of the value of ninety dollars, died and became of no value to the plaintiff, and two thoroughbred Cotswold bucks, one a lamb and the other a yearling of the plaintiff and of the value of twenty dollars, were injured and maimed and rendered of no value to the plaintiff, to his damage in the sum of one hundred and ten dollars." For all of which he claims damages for $110.

The defendant contends that the suit is for damages done

by dogs alleged to have "chased, bit, maimed and worried the sheep and lambs of the plaintiff," and that the statute only "authorizes a recovery when sheep or other domestic animals are killed or maimed."

But the suit is not for chasing, biting and worrying sheep, but for damages for killing and maiming plaintiff's sheep. It is true, the petition alleges that defendant's dogs chased, bit, maimed and worried plaintiff's sheep, but he does not ask any damages on that account; but he alleges that by reason of said acts of the defendant's dogs, certain of his sheep were maimed and killed; and it is the animals so maimed and killed for which he sues, said words being merely explanatory of the manner in which his sheep were maimed and killed.

The defendant also complains of the action of the court in sustaining a demurrer to that part of his answer which pleads contributory negligence upon the part of the plaintiff. That part of said answer is as follows: "For further answer defendant says that at the dates of the alleged damages to his sheep and a long time prior thereto, plaintiff negligently allowed to remain on his premises the unburned carcasses of sheep and other stock and this invited the incursion of dogs, and his losses, if any, were due to his own negligence directly contributing thereto."

In support of his contention he cites Gillum v. Sisson, 53 Mo. App. 516; Dudley v. Love, 60 Mo. App. 420, and other authorities. In the first mentioned case the defendant put out, in the vicinity of his barn, poisoned meat which the evidence showed the plaintiff's dogs got and ate, and died from the effects of the poison. The evidence further showed that dogs had been killing his sheep and that he had put out the poison for the purpose of killing dogs. The court held that defendant had no right to place this poison on his premises for the purpose of killing dogs, merely because they were trespassing on him. The law of that case has no application here, for the act was done for the very purpose which it ac-

complished, viz: the killing of dogs that came upon defendant's premises. The facts in the second case were: The keeper of a slaughter house put out poisoned meat where it could be reasonably anticipated dogs would get and eat it. The plaintiff's dog died from eating the meat. It was held that the defendant was liable on the ground of negligence.

The defense pleaded here does not constitute contributory negligence within the meaning of the two cases mentioned. In the first, the defendant was held liable for the result of an act done in pursuance of a wrongful purpose. In the second case, the defendant was held liable on the ground of negligence, because the injury sustained could be reasonably anticipated from his wrongful act. Measured by the rule in the last case mentioned, we do not think the court was in error in sustaining plaintiff's demurrer to that part of defendant's answer setting up contributory negligence. It can not be said that the plaintiff's act of permitting dead animals to remain unburied on his premises, and thereby inviting the incursion of dogs, led to the reasonable inference that when they came to devour the carcasses of those animals they would also kill his sheep. The rule of law applicable to the question of negligence as raised by the demurrer here is: "Every person who does a wrong is at least responsible for all the mischievous consequences that may reasonably be expected to result under ordinary circumstances from such misconduct." Rigby v. Hewitt, 5 Exch. 243; Atkinson v. Railroad, 90 Mo. App. 489; Dudley v. Love, 60 Mo. App., supra.

The defendant assigns many errors on the trial. He contends that the verdict was excessive because of the fact that two of the crippled sheep did not die, but one was afterwards sold for $10, and the other the plaintiff had at the date of the trial. There is evidence tending to show that plaintiff sold one of the injured sheep for $10 on the condition that he could breed, otherwise he was to have nothing for him; and there was evidence that the maimed sheep were

worth $10 each before they were injured, and that they were badly damaged. The extent of damage was a matter for the jury under the evidence. As there appears to have been no evidence of the value of the dead sheep pelts, we do not see how the jury could have taken them into consideration in arriving at their verdict, and we do not think it should be disturbed on that ground.

Defendant contends that there was no evidence to show that it was defendant's dogs that killed the one sheep on the night of September 10. Plaintiff Peeler testified that he found, on the morning of September 11, one of his sheep that looked like it had been worried by dogs; that he found dog tracks and traced them to the road between his place and that of the defendant's, and from there traced them by the tracks on the road to the defendant's front gate, where he could trace them no further. This evidence in connection with that wherein it was shown that defendant's two dogs were seen on plaintiff's sheep on the night of September 14, we think fully authorized the trial court in submitting the question to the jury as to whose dogs killed said sheep.

The defendant complains for the reason that one of the dogs accused of killing the sheep was not his dog, and that he was upon his premises without his consent. That question was left to the jury and they found otherwise.

The defendant also complains because the court refused to instruct the jury to the effect, that because he killed his dog it was no evidence that it maimed plaintiff's sheep. In view of the fact that the statute imposes a fine of one dollar upon owners for each dog, after notice that their dogs kill sheep, we are of the opinion that the evidence that the defendant killed his dog shortly after the plaintiff's sheep were killed, is somewhat persuasive of the belief upon his part of the sheep-killing tendency of his said dog, and that he must have had some knowledge that prompted him in doing so. We

think the court was justified in refusing to give the instruction.

We do not see any conflict between instruction number two given for plaintiff and instruction number five given for defendant. The defendant's point in that matter is not well taken. We hold that both were declarations of the law appropriate to the pleading and facts of the case.

The case was fairly tried, and, as we see no substantial error, it is affirmed. All concur.