JOSEPH MEHLSTAUB, RESPONDENT, v. ORRY E. MICHAEL ET AL., AP-
PELLANTS.*

Kansas City Court of Appeals.   July 6, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 706, n. 99; p. 861, n. 24; Assault and Battery, 5CJ, p. 657, n. 23; p. 693, n. 83; p. 694, n. 84; p. 695, n. 7; Judgments, 33CJ, p. 1198, n. 82; 34CJ, p. 34, n. 38; p. 39, n. 72, 73; Partnership, 30Cyc, p. 523, n. 87; p. 556, n. 66; p. 581, n. 52; p. 593, n. 27.

*Edward E. Hoops* for respondent.

*George E. Booth, Wm. T. Jamison* and *Howard L. Jamison* for appellant.

BLAND, J.—This is an action for damages alleged to have been sustained by plaintiff by reason of an assault and battery having been committed upon him by defendant L. E. Michael. There was a verdict and judgment in favor of plaintiff in the sum of $500 compensatory damages, and defendants have appealed.

The facts show that for some time prior to May 22, 1924, plaintiff was employed as a baker's salesman by the Campbell Baking Company in Kansas City, Missouri, and that his duties took him to the grocery store owned and operated by defendants. Until about two weeks prior to said date, defendants had been plaintiff's customers. Plaintiff testified that on the morning of said day, "I was calling on Mr. Michael about a year and a half and he told me he didn't want any more bread. That is, Mr. Michael here, sitting there; so I thought it would not hurt to go in and ask the man if he needed anything more. I told him it didn't take but a minute to come in and ask him if he needed anything. He said it would not be necessary to come in. Naturally a fellow selling anything will go in and try to keep his trade; and I kept coming in, and they didn't think I ought to; and I came in that morning and when I started in I heard the remark, 'Here comes that son-of-a-bitch again.' Whether he referred to—but I thought he did. I went on in and asked him if he needed anything and he said 'No, I don't want anything and get to hell out of here, and stay out.' Well, I said, 'A fellow has a right to come in and ask a fair question, if you need anything.' So he says 'Get to hell out of here, and stay out!' I says, 'If you feel that way about it.' I says, 'A fellow don't have to be a son-of-a-bitch to come in to see you.'

And he hit me, and I turned around and says 'I don't believe you could do that on the outside.' So I started to turn and go out and that is the last I remember. Whether I fought or clinched him after that, I don't know anything about it."

Other testimony on the part of plaintiff tended to show that he was down upon the street in front of defendants' store and that L. E. Michael kicked him and hit him, "kind of raised him up and struck him." As a result of being struck, plaintiff was rendered unconscious, some of his teeth were knocked out, he was in the hospital for twenty-four hours, and lost two weeks from his work.

Defendant L. E. Michael testified that about a week before the day in controversy, plaintiff came into the store and said, "I don't see why these sons-of-bitches can't sell my bread; they sell other bread." The witness replied that he permitted his customers to select the the kind of bread they desired and that if they did not get plaintiff's it was not the witness's fault. "And if you feel that way about it, you get your bread out and stay out." That plaintiff returned on the day in question and stated to the witness, "'How about my bread this morning?' to which witness replied 'No, I don't want none this morning. I will let you know when I want your bread; but you just stay out awhile on account of the remarks you made the other day.' Plaintiff twisted around and walked up and down the floor and kept one hand in his coat pocket all the time he was talking."

"Q. How long was he in there at that time? A. It was about thirty or thirty-five minutes—that long anyway. And I asked him, I says, 'Now, go on and let me alone so I can do what I have got to do. I have got meat to cut, and I can't do anything and talk to you.' And it went along and if I would go to the back end for something, he would follow me, and he kept on, and he didn't see why in hell we couldn't sell his bread. He says, 'The other people sells it.' He says 'What have I done? Anything I have done you don't want?' I says, 'Not a thing; but when you call me a son-of-a-bitch, I have no more use for you.' And I went to go from the back end towards the front, and just as I started from behind the counter, he turned around and pulled his hand out of his coat and when he did that I hit him and he fell back. He fell towards the back end when I hit him. And then he got up and came up front where I was and says 'You can't go out-of-doors and do that.' I says, 'I will go anywhere with you.' And he started out and I came out; and as I got started out the door he turned around and faced me and struck at me. And when he did that I clinched him, and he went down on the sidewalk.

"Q. You clinched? A. Yes, sir. That is, I throwed him down, of course, and he hit me several licks; and then Dad came to the door and told me to let him up. And he says, 'Quit, Michael!' He

(plaintiff) says, 'Quit, Michael! I have got enough.' And Dad says 'Get up and let him alone.' And I got up and went back in the store. That is the whole story.''

The witness further testified that he was not a member of the grocery firm of O. E. Michael and Son, but was merely working there; that he had authority to tell plaintiff whether or not he wanted plaintiff's bread; that he could not tell what plaintiff had in his hand when he pulled it out of his pocket; that "he (the witness) didn't take no chances;" that he did not hit plaintiff as the latter went out the door and not until plaintiff turned around and hit him.

The testimony of L. E. Michael was corroborated by other witnesses of defendants.

In rebuttal, plaintiff testified that he never called defendant L. E. Michael any names; that he was not drunk on the morning in question nor did he have any "dope;" that he did not stay in the store ten minutes.

Defendant O. E. Michael, although in the store, did not testify.

The petition is headed:

"In the Circuit Court of Jackson County, Missouri, at Kansas City, September Term, 1924. Joseph Mehlstaub, Plaintiff, v. Orry E. Michael and L. E. Michael, doing business under the firm name and style of O. E. Michael & Son, Grocers, Defendants. No. 207621.''

And in the body thereof it is alleged ''that the defendants herein own and operate a grocery store in said territory under the firm name and style of O. E. Michael & Son, Grocery;'' that upon entering the store plaintiff was addressed by the defendants in a vulgar, vile and repulsive manner; that in response to his inquiry as to whether defendants were in need of any of his goods he was informed by defendants that they did not desire to purchase any of his goods and requested plaintiff to stay out of the store; that immediately thereafter defendant L. E. Michael assaulted the plaintiff, striking him. The petition prayed judgment in the sum of $3000 actual and $3000 punitive damages. The answer consisted merely of an unverified general denial.

It is insisted that the petition fails to state a cause of action against the defendant O. E. Michael; that it does not state that L. E. Michael was an employee of his father, O. E. Michael, or that the former acted within the scope of his authority in ejecting the plaintiff from the store; that it does not charge that O. E. Michael was present, aiding and abetting his son or that the two acted in concert in assaulting the plaintiff; that the petition does not allege that ''Orry E. Michael and L. E. Michael were copartners, doing business under the firm name and style of O. E. Michael & Son, but only that they were doing business under the firm name and style of O. E. Michael & Son, Grocers.''

The petition was not attacked in any manner at the trial, no point was raised in reference to it until the filing of the motion in arrest of judgment. Under these circumstances, if the petition states no cause of action whatever it may be attacked even at this late day. However, it is entitled to a liberal construction and if it states any cause of action whatever, even if only by intendment, it must be held good, however defective it otherwise may be. [Exchange National Bank of Tulsa v. Daley, 237 S. W. 846; O'Connell v. Kansas City, 231 S. W. 1040.]

We think that there is no question but that the petition must be construed as alleging that defendants were partners operating the grocery store in the name of O. E. Michael & Son, Grocers. While the petition does not in terms allege that defendants were partners, it does allege to the effect that they were operating the business as a firm composed of defendants. "The word 'firm' is equivalent to partnership and signifies the name under which any house of trade is established or conducts business; but a firm is not a being or entity distinct from the individuals who compose it. Knowledge or ignorance of a firm must consequently be the knowledge or the ignorance of the persons who constitute the firm." [McCosker & Malloy v. Banks et al., 84 Md. 292, 294, 295.] " 'Firm' is defined by Webster as the name, title or style under which a company transacts business; a partnership of two or more persons; a commercial house; and the same author defines partnership as an alliance or association of persons for the prosecution of an undertaking or a business on a joint account; a company; a firm; a house." [The People v. Strauss, 97 Ill. App. 47, 55. See, also, Wood v. Martin, 115 Ga. 147, 151.] We think that it must necessarily be implied from the allegations of the petition that defendants were doing business as a partnership. Under these circumstances, the petition would have been good even upon a demurrer to it. [Werth v. City of Springfield, 78 Mo. 107; Dillon v. Hunt, 82 Mo. 150; Ellsworth Coal Co. v. Quade, 28 Mo. App. 421.]

It is insisted that the court erred in refusing to give an instruction in the nature of a demurrer to the evidence offered by the defendant O. E. Michael, because there was no evidence that said defendant aided and abetted his son or acted in concert with him in assaulting the plaintiff. It was unnecessary for plaintiff to have shown these facts for the reason that the petition alleges that the defendants were partners and this allegation not having been denied under oath, the partnership was admitted by defendants. [Section 1415, R. S. 1919; Locatelli v. Flesher, 276 S. W. 414; McCaskey Register Co. v. Blakeney, 224 S. W. 62.] There is no question but that all partners are liable for a wrong committed by one of them while he is acting in the ordinary course of the firm's business. [30 Cyc.

523.] The liability of the partnership for a wrong committed by one of its members is based upon the theory of agency. [Locatelli v. Flesher, supra.]

We think that the allegations of the petition, by implication, plead that the defendant L. E. Michael was in pursuit of the firm's business when he assaulted the plaintiff and that the evidence is sufficient to sustain this allegation of the petition. The evidence not only shows that plaintiff was assaulted while defendant L. E. Michael was attending to the firm's business, that, is, in an effort to eject him from the store as an undesirable person, but the evidence shows that defendant O. E. Michael was present and did not interfere to prevent the assault until after plaintiff was caused to leave the store and had received the injuries of which he complains. [See Case v. Fogg, 46 Mo. 44, 48; Dudley v. Love, 60 Mo. App. 420.] No demurrer to the evidence was offered on behalf of the defendant L. E. Michael but the defendants joined in with plaintiff in having the case submitted to the jury on the issues raised as to defendants' liability and said defendant is now estopped to contend that there was no evidence upon which to predicate liability as against him (Torrance v. Pryor, 210 S. W. 430); in fact defendants in their brief admit, as we construe it, that there was a case made against L. E. Michael for the reason that defendants ask that the judgment against O. E. Michael be reversed outright while that as against the defendant L. E. Michael be merely reversed and remanded.

The only matter involved in connection with the point made is as to whether there was sufficient evidence to go to the jury on the question as to whether the defendant L. E. Michael committed the assault in furtherance of the partnership business and for its benefit and from what we have said there is no question that the evidence was sufficient in this respect. We have examined the case of Smith v. Western Union Telegraph Co., 232 S. W. 480, cited by the defendants and find that it is not a case at all similar to the one at bar.

It is insisted that "the verdict is against the evidence and the weight thereof." This assignment raises no question for determination by this court, as the weight of the evidence is for the jury and the trial court. [Greensfelder v. Witte Hardware Company, 189 Mo. App. 576; Robertson v. Kocktitsky, 217 S. W. 543; Abernathy v. Mo. Pac. R. Co., 217 S. W. 568; Daniel v. Pryor, 227 S. W. 102; Caruthersville Plumbing & Auto Co. v. Lloyd, 240 S. W. 838.]

It is insisted that the court erred in giving plaintiff's instruction numbered 1 for the reason that it ignores the question of self-defense. Justification for the assault was not pleaded in the answer and therefore it was not an issue. [Brown v. Barr, 184 Mo. App. 451; Thomas v. Werremeyer, 34 Mo. App. 665.] "Although the contrary has been held, the better and proper rule is that the defense of self-de-

fense, to be available, must be pleaded specially, and cannot be shown under the general issue, although defendant may prove *son assault demesne* in mitigation of damages, where the only plea is not guilty.'' [5 C. J., p. 657.] In the case of Gieske v. Redemeyer, 224 S. W. 92, cited by defendants, self-defense was pleaded.

The court did not err in refusing defendants' instructions 2 and 3 for the reason that they directed a verdict for the defendant Michael if plaintiff ''brought on the difficulty'' without submitting the question as to whether said defendant used only such force as was necessary to eject plaintiff from the store.

Complaint is made that the court erred in modifying defendants' instruction numbered 4 before giving it to the jury. The instruction asked sought to submit to the jury that defendants had a right to request plaintiff to remain away from their place of business and that if he ''came into defendants' place of business against the will of defendants, then the defendants had a right to use such force as was necessary to eject plaintiff and to compel him to remain away from said place of business, and if you find that defendant used only such force as was necessary, under the circumstances detailed in evidence, to eject the plaintiff and to compel him to remain out of their place of business, then your verdict should be for the defendants.''

The court gave the instruction as asked, except he struck out the words ''and to compel him to remain away from said place of business'' and inserted after the words ''that plaintiff came into defendants' place of business against the will of defendants,'' the words ''and refused to leave said premises upon the request of defendants.'' Defendants' evidence shows that prior to the assault the plaintiff had been requested to leave the premises. We fail to see any cause for complaint of the action of the court in modifying the instruction. It submitted the same defense that defendant sought to have submitted, and we think in a much better way.

The verdict of the jury found in favor of plaintiff in compensatory damages only and in the sum of $500. The judgment upon the verdict reads as follows:

''Wherefore, it is ordered and adjudged by the court that the plaintiff do have and recover of and from the defendant the sum of five hundred dollars ($500) as compensatory damages, together with the cost of this action and have therefor execution.''

In the motion in arrest of the judgment, the judgment was attacked because it did not conform to the verdict of the jury. It has been held that a judgment against a partnership by name is void on the ground that at common law a legal personality in a partnership is not recognized but a firm is viewed as an aggregation of individuals. [Weldon v. Fisher, 186 S. W. 1153; The Johnson Machinery Co. v. Watson, Garnishee, 57 Mo. App. 629, 634; 30 Cyc. 556.]

Plaintiff's judgment is not against the partnership in the firm name but is against defendants who were sued in their individual names and the attack made by the defendants on the judgment is not a valid one.

It is insisted that the judgment does not conform to the verdict of the jury in that the verdict is against both defendants while the judgment is against "the defendant," and does not specify whether the judgment is against L. E. Michael or O. E. Michael or both; that no execution could issue against either defendant as neither one is designated as the person against whom the judgment is rendered; that the judgment is not authorized by the allegations of the petition. There is no merit in these contentions. "A judgment for 'plaintiff,' when there are several plaintiffs in the case, or against 'defendant,' when there are several, or one which erroneously describes the parties as 'plaintiffs' or 'defendants,' when there is only one party on each side, will not be void, if the record as a whole shows clearly, and without any doubt, for and against whom the judgment is intended to be given." [33 C. J. 1198.] There is some authority holding contrary to this rule stated by C. J., but this rule seems to conform to the trend of the decisions in this State. [See Farley Bros. v. Cammann, 43 Mo. App. 168, 174; Smith v. Kiene, 231 Mo. 215.] From the whole record it is apparent that the suit is against both defendants. All of the instructions under which the jury could have found for plaintiff required it to find against both defendants, if any, and the verdict is admittedly against both of them. While the judgment is defective, it could be cured by amendment and is cured by the Statute of Jeofails. [Thompson v. Ry. Co., 110 Mo. 147, 163.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.