**Loretta ALLEN and Thomas M. Allen, Plaintiffs-Respondents,**

v.

**Jane C. GIBBONS, Defendant,**

and

**Aetna Casualty and Surety Company, Garnishee, Appellant.**

**No. 32803.**

St. Louis Court of Appeals.

Missouri.

Jan. 16, 1968.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 20, 1968.

4. Affirmed, 276 Mo. 662, 208 S.W. 840.

H. L. C. Weier, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for appellant.

Thurman, Nixon, Smith & Howald, Robert Lee Smith, Hillsboro, for respondents.

CLEMENS, Commissioner.

Plaintiffs had a $5,000 uncontested judgment against defendant Jane C. Gibbons, the daughter of the garnishee's insured. Plaintiffs then garnished the insurer, appellant Aetna Casualty and Surety Company, and got a verdict and judgment against Aetna for the $5,000 plus interest and costs. Aetna has appealed, attacking (1) the validity of plaintiffs' original $5,000 judgment on the ground it was indefinite and, thus, insufficient to support plaintiffs' garnishment, and (2) the failure of plaintiffs' evidence in the garnishment trial to show that the original defendant was an insured under the omnibus clause in Aetna's liability policy carried by her father.

We will identify the parties and then recite the proceedings in the primary case leading up to plaintiffs' $5,000 uncontested judgment, on which they base their garnishment.

Plaintiff Loretta Allen and her son, Thomas M. Allen, owned and lived in a house trailer in rural Washington County. Defendant Jane C. Gibbons drove a car off the highway into the trailer, injuring Mrs. Allen. She filed suit against Jane Gibbons in the circuit court of Washington County for $20,000 personal injuries. An answer was filed by Jane Gibbons' attorney. Thereafter an amended petition was filed by Loretta Allen and Thomas M. Allen, realleging Mrs. Allen's personal injuries and alleging $1,400 damage to their house trailer; the two plaintiffs, in a single count, prayed for $15,000 damages. In due time the case came on for trial (before the predecessor of the present trial judge). After both Loretta Allen and Thomas Allen had testified, the court rendered a $5,000 judgment.

Aetna's first attack is based on the court records regarding that judgment. There were three entries: on the judge's docket sheet, in the clerk's minute book, and in the court record. At trial time the judge's docket sheet was still captioned "Loretta Allen vs. Jane C. Gibbons," although it bore

a notation showing the filing of the amended petition in which Thomas M. Allen was a co-plaintiff. The judge's docket sheet then recites: "Larry Casey withdraws as attorney for defendant. Plaintiff appears in person and with her counsel. Plaintiff presents her evidence and submits her case. Judgment for plaintiff in the amount of $5,000.00 and costs." The clerk's minute book entry reads: "Loretta Allen versus Jane C. Gibbons, Case No. 4361; Larry J. Casey withdraws his appearance. Judgment for Plaintiff in the amount of $5000.-00." The circuit court record contains the following entry: "Now at this time Larry J. Casey withdraws his appearance as attorney for Defendant. Judgment entered for plaintiff in the amount of $5000.00."

Aetna contends that only a valid judgment can support a garnishment, and that the judgment here is void since it failed to name both plaintiffs, since it did not say whom it was rendered against, since it did not show whether it was by default or trial by the court or a jury, and since it did not separate the amounts awarded for personal injuries and for property damage.

We must first decide exactly what Aetna is attacking. Is the court's judgment to be determined only by the words written on the court's records (Aetna's contention), or is it to be determined by what the court obviously meant and should have written in view of the nature of the action the court had tried (plaintiffs' contention)? We note that Judge Lamm, in Spindle v. Hyde, 247 Mo. 32, 152 S.W. 19[5], said: " * * * a judgment is but the conclusion in a syllogism having for its major and minor premises the issues raised by the pleadings and the proofs thereon. A judgment is the sentence of the law upon the record." Thus, in determining what the court's judgment was we look beyond the mere words written by the judge and the court's clerk. We distinguish between the force of the judicial act of the court in *rendering* judgment and the ministerial

act of *entering* it upon the record. The rendition controls. Lieffring v. Birt, 356 Mo. 1092, 204 S.W.2d 935[2–5]; Rehm v. Fishman, Mo.App., 395 S.W.2d 251[6–9].

■ In case of doubt about a judgment we are not restricted to the four corners of the record entry, but may look beyond that. In State ex rel. Whatley v. Mueller, Mo.App., 288 S.W.2d 405[5–7], we dealt with enforcement of a judgment entry that was vague as to amount, and said: "'An obscure judgment entry may, however, be construed with reference to the pleadings and *record*, and, where on the *whole record* its sense can be clearly ascertained, the judgment will be upheld.' * * * Even though the judgment may not be complete within itself, and contain within its four corners the mandate of the court, it is nevertheless sufficient if it can be made perfect by reference to the pleadings or papers on file in the case." This principle was followed in McGowan v. St. Louis Union Trust Co., Mo., 369 S.W.2d 144, to determine the identity of the parties.

■ The case of State v. Haney, Mo., 277 S.W.2d 632[4], 55 A.L.R.2d 717, was an action for enforcement of a bond forfeiture. The judge's minute entry read: "Judgment by default as to Defendant, Principal and Sureties. Fieri Facias Writ ordered as to all." There was no other record of the judgment. In challenging execution the defendant contended the judgment was void because the docket entry named neither the parties nor the amount. But the court upheld the execution, saying: "It is a well settled rule of law, approved by text writers and this court, that if there is any uncertainty in the judgment as to the party for or against whom it is rendered, it is proper to look to the entire record, including the pleadings and process to ascertain for or against whom the judgment is rendered." And in Mehlstaub v. Michael, 221 Mo.App. 807, 287 S.W. 1079[12], there was a verdict against two defendants but the judgment entry was against "the defendant." The court applied the statement in 33 C.J. 1198: "A judgment for 'plaintiff,' when there are several plaintiffs in the case, * * * will not be void, if the record as a whole shows clearly, and without any doubt, for and against whom the judgment is intended to be given."

■ We apply these principles to the judgment here. At trial time the judge's docket sheet still bore the original caption naming Loretta Allen as the only plaintiff; it did show, however, the filing of the amended petiton that named both Loretta Allen and Thomas M. Allen as plaintiffs and prayed for a single judgment—and both plaintiffs testified in support of that prayer. Under the stated legal principles, we assess the judgment *rendered* here in the light of that entire record: In legal contemplation the judgment was in favor of both plaintiffs Loretta Allen and Thomas M. Allen (although the singular word "plaintiff" was written), and against defendant Jane C. Gibbons (even though she was named only by reference).

■ As said, Aetna also attacks the plaintiffs' original $5,000 judgment on two other grounds: it "did not show whether it was by default, by trial before the court, or by jury" and it "did not dispose of the separate claims for property loss and personal injury." Aetna's citations support neither attack. Moreover, these are mere irregularities, unavailable to Aetna because they do not rise to the required level of jurisdictional defects affecting plaintiffs' judgment. Row v. Cape Girardeau Foundry Co., Mo.App., 141 S.W.2d 113[2, 3].

■ Having found that plaintiffs' original judgment is valid—and therefore a proper basis for garnishment—we pass to Aetna's second point, arising in trial of the garnishment action. There, the plaintiffs had to show that defendant Jane C. Gibbons was an insured under Aetna's liability policy carried by her father. This called for evidence that she resided in his household, and that she did not herself own an automobile. To prove this last element of non-owner-

ship, plaintiffs produced Jane Gibbons' father, Winfield Young. Aetna says the court erred in failing to sustain its hearsay objection to a question about ownership. We quote:

"Q Did she at that time own an automobile?

"MR. WEIER: I object to that, if the Court please. That is calling for a conclusion of this witness that would be based entirely on hearsay.

"THE COURT: All right.

"MR. SMITH: Q To your knowledge, Mr. Young, did your daughter own an automobile? A No, she didn't.

Q Did she ever drive down here in Washington County an automobile that was said to be owned by her? A No."

Aetna's point fails, for two reasons. First, its objection was not overruled. The court's statement ("All right") was indefinite, but in effect it *sustained* Aetna's objection. This is apparent to us—and must have been to the parties—since the witness did not answer the question. Second, there was no prejudice to Aetna. After the court's ruling on Aetna's hearsay objection, plaintiffs' counsel asked another question, one that called for an answer based on personal knowledge. Aetna did not object to that nor to the next question that called for evidence of non-ownership based on reputation. Aetna's evidentiary point is denied.

The judgment will be affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.