FIRST NATIONAL BANK OF COLLINSVILLE, ILLINOIS, Plaintiff-Respondent,

v.

Irvin GOLDFARB and Sybil Goldfarb, Defendants (Sybil Goldfarb, Appellant).

No. 36251.

Missouri Court of Appeals, St. Louis District, Division Four.

Sept. 2, 1975.

Bernard Susman, St. Louis, for defendants-appellant.

Anderson, Green, Fortus & Lander, Martin M. Green, Sidney Fortus, James A. Eidelman, Clayton, for plaintiff-respondent.

NORWIN D. HOUSER, Special Judge.

Appeal by Sybil Goldfarb from an order nunc pro tunc amending a memorandum of judgment to show judgment rendered against "defendants" (plural) instead of "defendant" (singular), and from an order overruling Sybil's motion to amend the permanent record to show judgment rendered against Irvin Goldfarb only and not jointly against him and her.

First National Bank of Collinsville, Illinois sued Irvin and Sybil on a promissory note for $15,000 alleging that defendants executed the note; that defendants promised to pay; that upon demand defendants refused to pay; that defendants still owe $15,000 plus interest and attorney's fee, and praying for judgment against defendants. Process issued against both defendants and was served upon both Irvin and Sybil. Attorney Susman filed an answer in which defendants denied generally the allegations of the petition. Bank filed a request of defendants for admission of facts and genuineness of documents. Bank moved for summary judgment, alleging that defendants had failed to answer the request within the allotted time, attaching a supporting affidavit that Irvin and Sybil gave the note; that demand was made upon "the Goldfarbs"[1] for payment but "they" refused to pay either principal or interest. A March 12, 1970 memorandum styled the bank versus "Irvin Goldfarb, et al.," signed by attorney Susman and by the bank attor-

ney, recites: "Plaintiff's Motion for Summary Judgment heard and defendants granted 30 days in which to file counter-affidavit; if counter-affidavit not filed, summary judgment to be granted in favor of plaintiff." No counter-affidavit was filed. Bank attorneys filed a notice, copy to "Bernard Susman, Attorney for defendants," styled the bank versus "Irvin Goldfarb, et al.," calling the motion for hearing on May 7, 1970. On the latter date the court rendered judgment. A memorandum of judgment, apparently in the handwriting of bank attorney, was filed, signed by the attorney and by the judge, styled the bank versus "Irvin Goldfarb," reciting: "Summary Judgment granted in favor of Plaintiff and against Defendant in the amount of $25,781.50; Costs against Defendant." On the same day the court's book "Abstracts of Judgments" in Case No. 305009 shows summary judgment rendered against Irvin Goldfarb and Sybil Goldfarb in favor of bank. On the same day the permanent record book in Case No. 305009, captioned "First National Bk. of Collingsville, Ill., a corp., Plaintiffs [sic] vs Irvin Goldfarb & Sybil Goldfarb, Defendants" recites the submission and granting of the motion for summary judgment, followed by a formal entry of judgment "against the defendants, Irvin Goldfarb and Sybil Goldfarb" in the sum of $25,781.50, with interest from that day and costs. On December 13, 1973 the following memorandum in Case No. 305009, styled the bank against "Irvin Goldfarb, et al.," signed by the same attorney and same judge who signed the memorandum of May 7, 1970, was entered: "Upon oral motion of plaintiff, judgment of May 7, 1970, ordered nunc pro tunc to be as follows: 'Summary Judgment granted in favor of Plaintiff and against Defendants in the amount of $25,-781.50; Costs against Defendants.'" The permanent record book of December 13, 1973 repeats the correction nunc pro tunc of the entry of May 7, 1970 as above and

---

1. The emphasis placed upon the plural both within and without the quotation marks is our emphasis.

restates in extenso the granting of the motion for summary judgment and the wording of the judgment against "the defendants Irvin Goldfarb and Sibil [sic] Goldfarb and that said defendants are justly indebted * * *." Sybil Goldfarb moved to set aside the nunc pro tunc order and to correct the permanent record nunc pro tunc to show judgment against Irvin Goldfarb only and not against her. These motions were overruled and Sybil Goldfarb appealed.

Appellant first asserts error in making the nunc pro tunc entry and overruling her nunc pro tunc motion on these grounds: that (1) plaintiff obtained the judgment plaintiff requested; (2) the alleged error is not the type of error correctible nunc pro tunc; (3) there is no pre-existing record or other legally acceptable proof upon which to base nunc pro tunc relief.

The memorandum of judgment dated May 7, 1970, signed by bank attorney and judge, contains an error patent of record. It purports to be a judgment against one defendant whereas in truth and fact the judgment was against two defendants. It is an error of a clerical nature made initially by bank attorney, compounded by the judge's signature, purporting to memorialize a judgment against one only of two joint defendants when in fact judgment was rendered against both defendants, as appears clearly from preceding and contemporaneous record entries.

■ Appellant contends that bank requested judgment against only one defendant, and therefore got what it asked for. The entire record disputes this contention. No other record or evidence supports the thesis that bank requested a judgment against Irvin Goldfarb alone. Everything else of record shows bank was proceeding unremittingly toward judgment against both signatories on the note.

■ The error corrected is precisely the type of error correctible nunc pro tunc. Appellant asserts that only errors made by the clerk are correctible nunc pro tunc; that this is not an error of the clerk but of

attorney and judge. Appellant misconceives the scope of the remedy. It is true that *judicial mistakes* are not correctible by nunc pro tunc proceedings. Amendments to correct judicial inadvertence, omission, oversight, or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do, may not be made nunc pro tunc. *Wiseman v. Lehmann*, 464 S.W.2d 539, 542–543 (Mo.App.1971); *City of Ferguson v. Nelson*, 438 S.W.2d 249, 253 (Mo. 1969); *Potter v. McLin*, 240 Mo.App. 708, 214 S.W.2d 751, 753 (1948). This is not a judicial mistake. It is a mistake of a clerical nature: a mechanical mistake of omitting the letter "s" in writing the word "defendants," resulting in a memorandum of judgment against only one person when the court actually rendered judgment against two persons. Mistakes of a clerical nature may be corrected nunc pro tunc to speak the truth of what actually happened, whether made by clerk, judge, jury, party, 6A Moore Federal Practice (2d Ed.1966), par. 60.06(3), p. 4044; *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968), or attorney.

In *Allen v. Gibbons*, 425 S.W.2d 243 (Mo. App.1968), a judgment for "plaintiff" was recorded in the judge's docket sheet, the clerk's minute book and the circuit court record. In fact the judgment had been rendered in favor of two plaintiffs. This court noted the difference between "the judicial act of the court in *rendering* judgment and the ministerial act of *entering* it upon the record," holding that the rendition controls. We stated that in case of doubt about a judgment a court is not restricted to the four corners of the record entry but may look beyond that to the entire record, including the pleadings and process, to ascertain for or against whom the judgment is rendered. The court cited and quoted from *Mehlstaub v. Michael*, 221 Mo.App. 807, 287 S.W. 1079[12] (1926), where was a verdict against two defendants but

the judgment entry was against "the defendant." Upholding the judgment as against both defendants the court said, 287 S.W. l. c. 1083: "From the whole record it is apparent that the suit is against both defendants. All of the instructions under which the jury could have found for plaintiff required it to find against both defendants, if any, and the verdict is admittedly against both of them. While the judgment is defective, *it could be cured by amendment* and is cured by the statute of jeofails." (Our emphasis.)

■ We draw the same distinction in this case, and look to the whole record for support of the nunc pro tunc order. For more than ninety years Missouri courts have been authorized in nunc pro tunc proceedings to search the record for evidence of what happened and to consider the court files, motions filed in the cause and clerical entries, both those made before and after the act in question, as a foundation for amendment. *Hansbrough v. Fudge*, 80 Mo. 307 (1883). The whole record contradicts appellant's assertion that there is no pre-existing record to support the nunc pro tunc order. Appellant's assertion is contrary to every other pleading, process, return, motion, affidavit, notice and other paper in the case. None of the foregoing was in the singular; all were in the plural. We particularly note and emphasize the memorandum entry of March 12, 1970, which constituted an interlocutory order[2] conditionally, but not finally, finding the issues for plaintiff and against defendants. (Defendants were given 30 days to counter the evidence in favor of plaintiffs heard by the court that day.) This entry alone is a sufficient writing to justify the nunc pro tunc amendment of the patently erroneous memorandum of judgment dated May 7, 1970. Further evidence of what actually happened is found in the notation made in the abstract of judgments, and the full-blown permanent record entry, both made on May 7, 1970, both clearly showing and plainly stating that the judgment was entered against both Irvin and Sybil Goldfarb.

■ Appellant also contends the court was powerless to act in the premises on December 13, 1973; that it lost jurisdiction over the judgment 30 days after rendition of the judgment of May 7, 1970, citing Rule 75.01, § 510.370, V.A.M.S., *Berry v. Chitwood*, 362 S.W.2d 515, 517 (Mo.1962), and *Wiseman v. Lehmann*, 464 S.W.2d 539, 543 (Mo.App.1971). The authorities cited do not control the situation before us (a motion to amend a judgment nunc pro tunc) which, as pointed out in *Berry v. Chitwood*, supra, is an exception to Rule 74.32, requiring motions to set aside judgments in courts of record to be made within three years of rendition of judgment, and Rule 75.01, providing that trial courts retain control over their judgments to vacate, reopen, correct, amend or modify the same, during the 30-day period after entry of judgment. Jurisdiction of a court of record to amend its judgments by an order nunc pro tunc is not lost by lapse of time. 60 C.J.S. Motions and Orders § 59(2)(d), p. 88.

■ Appellant further contends that the granting of bank's oral motion of December 13, 1973 nunc pro tunc "constituted the rendition of a new judgment" against her without notice and an opportunity to be heard. A new judgment was not rendered; a clerical error was corrected. "No notice was necessary because the court's action was based upon matters of record which could not be disputed by appellant, 49 C.J.S. Judgments § 120b, p. 254 * * *." *Cruces v. State*, 452 S.W.2d 180, 182 (Mo.1970); *Collier v. Catherine Lead Co.*, 208 Mo. 246, 106 S.W. 971, 977–978 (1907). The latter case quotes from Black on Judgments § 134 and Freeman on Judgments § 64, both of which indicate that if the nunc pro tunc examination is confined to the records, as here, the presence of the defendant could not affect the result, "nor would he have room to contest it"; that the "more usual

2. See *Thompson v. Hodge*, 348 S.W.2d 11 (Mo.App.1961).

practice is to proceed ex parte to order entries required to complete the record, especially where the court acts solely upon matters of record."

Appellant's second point is that the court erred in overruling *her* nunc pro tunc motion; that the judgment actually rendered May 7, 1970 was that recorded on the memorandum of that date signed by bank attorney and judge—a judgment against Irvin Goldfarb only, but that the abstract of the judgment and permanent record thereof erroneously show judgment against Irvin Goldfarb and Sybil Goldfarb. Appellant argues that the judgment actually rendered was against Irvin only; that the memorandum of judgment dated May 7, 1970 properly reflects the judgment against Irvin only and not against Sybil, and that that writing is a complete memorandum of the order granted by the court, made pursuant to local court rule—the only written record of the judgment—the record upon which all corrections must be based; that in performing the ministerial act of entering the judgment in the abstract of judgments book the clerk erred by transcribing the judgment improperly, and perpetuated the clerical error by writing up a judgment against both Irvin and Sybil in the permanent record.

This point and argument assume that the judgment actually rendered was a judgment against Irvin Goldfarb only and not against Sybil Goldfarb. As we have demonstrated, the entire previous record in this case belies this assumption. The memorandum of judgment dated May 7, 1970 is in direct conflict with everything else in the court record prior thereto and contemporaneous therewith.

Furthermore, the memorandum of judgment dated May 7, 1970 did not in terms record a judgment against "Irvin Goldfarb," as appellant implies. It was a judgment against "defendant." Which defendant? In all prior captions defendants were styled "Irvin Goldfarb, *et al.*" or "Irvin Goldfarb and Sybil Goldfarb." How can Sybil conclude that "defendant" referred to Irvin and not to Sybil?

While the action of the trial court in ruling on a motion to amend nunc pro tunc "must be upheld unless the evidence in support of the motion is so clear as to leave no reasonable ground upon which to reject it," *In re Fulsome's Estate*, 193 S.W. 618, 620 (Mo.App.1917), quoted with approval in *Aronberg v. Aronberg*, 316 S.W.2d 675, 681–682 (Mo.App.1958), the opposite is true in the case of appellant's motion. The evidence that judgment was actually rendered against both defendants is so clear as to leave no reasonable ground to doubt it. Nunc pro tunc procedure is an instrument of truth, not of untruth. To follow appellant's lead would violate established rules of nunc pro tunc law and result in injustice. To reject her contentions upholds correction of an injustice, without affecting appellant's rights adversely. Appellant has not shown that she had or has any legitimate defense to the promissory note not raised when she had an opportunity to do so, or that intervening rights exist or will be prejudiced.

Judgment affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.