Steven M. DAY, Appellant,

v.

Cara Lynne DAY, Respondent.

No. WD 37620.

Missouri Court of Appeals, Western District.

Sept. 23, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1986.

Application to Transfer Denied Dec. 16, 1986.

Linda F. Dycus, Deborah A. Tooley, Kansas City, for appellant.

William E. Simmons, Daryl K. Bredemeier, Kansas City, for respondent.

Before CLARK, C.J., and NUGENT and LOWENSTEIN, JJ.

CLARK, Chief Judge.

This is a proceeding to modify a decree of dissolution of marriage in respect to child support. The trial court ordered appellant husband to pay $429.00 per month for the support of each of two children and also awarded $1,000.00 as respondent wife's attorney fees. The husband appeals. Reversed and remanded.

The issue in the case turns on the form, content and rendition of the original dissolution decree as respects child support. That hearing in September, 1982 was not before the judge who ruled the present modification motion and was on an uncon-

tested basis pursuant to the parties' written separation agreement. To the extent material here, the separation agreement provided that the wife be granted custody of two children born of the marriage and $300.00 per month per child as child support subject, of course, to the approval of the court. As is apparently customary in such matters in the Sixteenth Judicial Circuit, the judge who rendered the dissolution decree recorded his findings on an "Information Form" which was referred to in evidence at trial of the modification motion and which is maintained as a part of the court's records. The form indicates a child support award to the wife of $300.00 per month per child for a total of $600.00 per month with the first payment due September 15, 1982.

The actual decree of dissolution was to be prepared by counsel. The formal decree was signed by the judge on September 13, 1982 and, apparently through oversight, it contained no provision for payment of child support. The record also shows that on September 2, 1982, the husband executed a wage assignment whereby the husband's employer was to pay to the court administrator for the benefit of the wife the amount of $600.00 per month as child support. The parties agree that sum and more has consistently and regularly been paid since the decree was entered. No other judgment was entered in the case awarding the wife any periodic payments, hence the sums paid monthly after September, 1982 could only be for child support.

The present proceeding was filed November 15, 1984, as a motion to modify the dissolution decree in regard to child support. It alleged the failure of the decree to award child support and subsequent changes in circumstances which required that the amount of such support be re-examined. The wife requested an order for support of both children in the amount of $650.00 a month and additional unspecified payments for education and medical expenses.

When the motion to modify came on for hearing, appellant called Judge Randall's attention to the terms of the separation agreement regarding child support, the trial notes of the judge who heard the case indicating his intention to award child support at the rate of $300.00 per month per child, the wage assignment under which the support had been paid at that rate for nearly three years and the prospect for an entry nunc pro tunc to conform the judgment. Judge Randall announced, however, that he would decide the appropriate amount of child support based on present conditions and on the premise that no child support had previously been awarded in the case. He further rejected the possibility of a nunc pro tunc order having any effect on his decision.[1] The case on the motion to modify was therefore tried without application to the result of any concept that evidence of increased needs of the children in comparison to the base date of September, 1982 controlled either entitlement to or the amount of support allowed.

Appellant alleges as his first point of error the refusal by Judge Randall to consider the evidence of the court's records showing the clerical error in the omission of a child support award in the formal judgment and the prospect that appellant was entitled to a correction of the record by an order nunc pro tunc. The point also raises the subsidiary issue that in consequence, the court erroneously did not require respondent to prove substantial and continuing changes in circumstances, § 452.370, RSMo. Cum.Supp.1984, as a condition to receiving increased child support.

An entry of a judgment may be corrected to remedy a clerical error if some writing in the record shows the judgment actually rendered and the court may look to the entire record, including pleadings and process, to ascertain the judgment ac-

1. The court's records show that some two months after the judgment here appealed was entered, the judge who heard the original dissolution case entered an order nunc pro tunc correcting the September 13, 1982, entry to include an award of child support of $300.00 per month per child, a total of $600.00 per month.

tually rendered as contrasted with the judgment entered. *Fields v. Fields,* 584 S.W.2d 163, 165 (Mo.App.1979). Mere passage of time alone does not bar a corrective order nunc pro tunc if the entry shows it is based on some record, either from the judge's minutes, the clerk's entries or some paper in the cause supplying the facts which authorize the corrective entry. *Lowe v. Labor and Industrial Relations Com'n,* 594 S.W.2d 365, 367 (Mo.App.1980). A clerical error is a mistake in writing or copying and the term "in writing" includes an omission to write. The fact that the clerical error was made by the judge in omitting a part of the judgment rather than by the clerk does not prevent it being classified as a clerical error. *Gordon v. Gordon,* 390 S.W.2d 583, 586 (Mo.App. 1965).

In *First National Bank of Collinsville v. Goldfarb,* 527 S.W.2d 427 (Mo.App.1975), the bank had sued two defendants, husband and wife, on a note executed by both. The court took the matter up on summary judgment. A memorandum of judgment in the handwriting of the bank's attorney signed by the attorney and the judge recited: "Summary Judgment granted in favor of Plaintiff and against Defendant in the amount of $25,781.50; Costs against Defendant." The entry the same day on the abstracts of judgments book and in the permanent record book under the case number recited judgment entered against both defendants. Based on the clerical error of omitting the letter "s" to indicate both defendants in memorandum of judgment, the court by nunc pro tunc corrected the memorandum some three years later to show judgment against both defendants and the wife, apparently on the assumption that the singular "defendant" did not include her, appealed.

The court held the nunc pro tunc entry to have been correctly made. It said:

"For more than ninety years Missouri courts have been authorized in nunc pro tunc proceedings to search the record for evidence of what happened and to consider the court files, motions filed in the cause and clerical entries, both those made before and after the act in question, as a foundation for amendment. * * Appellant's assertion [that nothing in the record supported the order] is contrary to every other pleading, process, return, motion, affidavit, notice and other paper in the case. None of the foregoing was in the singular; all were in the plural." *First National Bank v. Goldfarb, supra* at 431.

In the present case, the wife's original petition for dissolution of marriage sought custody of the children and an allowance for their support; the husband's answer agreed that custody should be in the wife and that a child support award should be made; the separation agreement signed by the parties and approved by the court provided for child support to be paid by the husband to the wife in the amount of $600.00 per month; the memorandum domestic relations information form signed by the judge showed an allowance to the wife of $600.00 per month child support; the husband was ordered by the court to assign $600.00 per month of his wages in payment of child support and such assignment was made; from and after September, 1982 the husband did pay $600.00 each month as child support to the wife. Indeed, as was the case in *First National Bank v. Goldfarb, supra,* every applicable piece of paper in this case, excepting only the formal judgment entry, supports a finding that the wife was awarded child support in the original dissolution judgment. It is difficult if not impossible to conceive of a case in which stronger proof of a clerical error warranting correction by nunc pro tunc could be made. The error was manifest, unintentional and its correction was a simple matter of fairness and honesty.

Despite the foregoing, however, this case presents the unique circumstance not duplicated in any reported case cited to the court or located by independent research in which the issue of nunc pro tunc correction was first called to the attention of a judge other than the judge responsible for the

**880**

error and in which relief was refused. Also unique is the fact here that the judge responsible for the error later agrees that the mistake was clerical subject to correction by nunc pro tunc and the order is made.

In principle, it may well be that when a clerical error susceptible to correction by an order nunc pro tunc is brought to the attention of a judge who was not responsible for the entry in error, the parties should be referred to the judge involved in the first instance, particularly if the latter is readily available. Here, however, Judge Randall undertook to pass judgment on the effect of a nunc pro tunc correction without any consideration at all of the overwhelming evidence in the record showing a clerical mistake of omission. His pronouncements plainly indicated that a correction nunc pro tunc would make no difference in his ruling that there was no judgment for child support in the case. This results in the anomaly of two judgments for child support in the case, each rendered on an independent basis and neither purporting to be a modification of the other. Among the absurd consequences of the result is the problem of which judgment would be operative to control a future modification motion.

Judge Randall was in error when he peremptorily ruled that correction of the original judgment nunc pro tunc would not impose on respondent the burden to prove changed circumstances since September, 1982 before increased child support could be allowed. Once the records in the case were called to his attention showing the clerical error, he should either have deferred the hearing on the modification motion until the judge who first heard the dissolution case could consider an application for an order nunc pro tunc or he should have considered the question on the merits himself.

The entry nunc pro tunc has, as previously mentioned, now been made by the original trial judge to correct the omission of the order for child support. That disposition has become final without appeal and is controlling. The judgment of August 28, 1985, awarding respondent child support of $858.00 per month is reversed without prejudice to the entitlement of respondent to present anew a motion to modify the allowance for child support based on changed circumstances.

All concur.