RETTA POTTER, ET AL., RESPONDENTS, v. R. A. McLIN, ET AL., APPELLANTS.—214 S. W. 2d 751.

Kansas City Court of Appeals. Opinion delivered November 8, 1948.

*Ike Skelton* for appellants.

*Gayles R. Pine* for respondents.

DEW, J.—This is an appeal from an order of the court purporting to modify its record of a voluntary dismissal of the action.

The respondents, as plaintiffs below, filed an action October 1, 1946, in the Circuit Court of Johnson County for damages arising out of alleged violation of an alleged contract of sale of real estate sold to them by the defendants. After answer filed by the defendants (appellants herein), the cause was taken up for trial December 4, 1946. A jury was empaneled and sworn, and much of the evidence on the part of plaintiffs was introduced. At that stage of the proceedings the plaintiffs dismissed the case. The court entered into its docket book the following entry:

"Dec. 4th, 1946. Plaintiff appears. Granted leave to amend petition by interlineation. Announce ready for trial. Jury empaneled and sworn. Plaintiff voluntarily dismisses cause. Judgment against plaintiff for costs".

Thereafter the following record was made by the clerk, after showing appearances and preliminaries:

"The jury is empaneled and sworn to well and truly try the cause. Now comes the plaintiffs, by attorney of record and voluntarily dismisses this cause. Therefore it is considered, ordered and adjudged by the Court that the above cause is dismissed and judgment against the plaintiffs for all costs in this Court laid out and expended".

On November 8, 1947, the plaintiffs filed in said cause a pleading entitled "Motion For Equitable Relief To Correct Judgment". That pleading alleged, in substance, that on December 4, 1946, plaintiffs dismissed the cause without prejudice and with expressed intention and understanding with the court at that time that plaintiffs were going to file another suit concerning the same matter, and that such right and reservation were known to the court at the time the entry of dismissal was made, but that the court failed to make proper entry following the dismissal that the same was without prejudice in accordance with the facts existing; that through error or mistake the proper entry showing dismissal without prejudice was not made of record, and that plaintiffs were entitled to have same corrected to conform with the facts under the equitable powers of the court. The prayer was that the court exercise its equitable powers and authority and to correct and modify said judgment of dismissal to conform to the facts of said dismissal and to make entry of record showing said dismissal to be without prejudice and for further relief.

Over the objection of the defendants, the plaintiffs produced as witness at the hearing of said motion the former judge of said court who had presided at the trial of said cause and who had made the entry in the docket book, as aforesaid. That witness said he remembered the cause well since it was the last case over which he presided, and that he had made the entry in the docket book above quoted; that he remembered that the jury had been sworn, and that the plaintiffs had introduced evidence; that he recalled the conversation with the attorney for the plaintiffs; that witness had in mind sustaining a demurrer to the evidence, most of which was already introduced; that witness felt that plaintiffs had not made a case on their petition of alleged misrepresentation, deceit and fraud; that plaintiffs' attorney then said that he intended to proceed on a different theory and was going to dismiss the cause and try the case upon such different theory; that witness intended to dismiss the cause without prejudice; that he did not recall any objection made on the part of defendants' attorney to any dismissal without prejudice although such objection

may have been made; that the records of the court thereafter made were made by the clerk. There was no further evidence offered upon the hearing of the motion. The court on November 26, 1947, sustained the motion and ordered the record corrected and modified ''by adding the words 'without prejudice' after the words 'plaintiff voluntarily dismisses cause' ''. Defendants appealed from said order.

Appellants contend that the motion to correct the record is not a proceeding in equity, but merely a motion to amend a record *nunc pro tunc;* that such relief in equity can only be reached through an independent equitable action; that such a motion could not convert the suit at law to one in equity; that equity will not correct a judgment for mere irregularities or for a judicial mistake, or render a judgment which was not actually rendered; that the motion does not state facts that would authorize an order to correct a judgment *nunc pro tunc;* that it was error to permit the former trial judge to testify to his intention to make an entry in his docket different from the one he made, and which was faithfully followed by the clerk in the permanent records of the court; that parol evidence is inadmissible upon the motion for an order to correct a record *nunc pro tunc;* that no documentary foundation was shown in the evidence for an order to amend *nunc pro tunc;* that an order to amend a record *nunc pro tunc* is permissible only to correct clerical errors.

Respondents insist that the proceeding was a proper one in equity to correct the record entered through mistake; that appellants have changed their theory on appeal from that of inadmissibility to the testimony and insufficiency of the motion, to the theory that the matters in question are entries *nunc pro tunc*.

Respondents' motion to correct the record proceeds upon the theory that it was essential for the record to specify that the voluntary dismissal (the first and only dismissal of this cause) was without prejudice, in order to make such dismissal, in effect, without prejudice. Section 99 of the Code of Civil Procedure, Laws of Missouri, 1943, pp. 353-397, provides, in part, that: ''A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to a court, and not afterward''. It then provides that the action cannot be again dismissed by plaintiff without prejudice, after the jury has been empaneled or after evidence in a non-jury case has been introduced, except on stipulation or by order on a special motion in said section described. Section 101 of the Code provides: ''* * * Any voluntary dismissal *other* than one which the party is entitled to take without prejudice * * * shall be with prejudice, unless the court in its order for dismissal shall otherwise specify''. (Italics supplied). The latter provision, by plain inference, means that if the voluntary dismissal is one to which the party *is entitled without prejudice*, it shall not constitute a dismissal *with prejudice*, nor re-

quire the court to so specify. Applying the said two code sections to this proceeding, we find the dismissal was the first and only voluntary dismissal of the action; that the plaintiffs did dismiss their action "before the same was finally submitted to the jury" (Code Section 99) and were therefore *entitled* to a dismissal "without prejudice". Under such circumstances neither the plaintiff nor the court need to specify that such a voluntary dismissal so made is "without prejudice". It was required only that it be the first voluntary dismissal of the action and taken at the stage of the trial designated by Code Section 99. Such a dismissal is expressly eliminated in Code Section 101 from dismissals there defined which shall constitute dismissals *with prejudice* if not otherwise specified by the court. Thus the original entry in this case did, in effect, record a dismissal of this action without prejudice. Its failure to so specify, under the existing circumstances shown, did not affect the plaintiffs' right to bring another action against the same parties upon the same cause of action. See Carr, Missouri Civil Procedure, Vol. I, p. 834.

Notwithstanding the sufficiency of the original record entries the court did, however, undertake, almost a year later, to amend or correct the record as stated, upon plaintiffs' motion described. The court had lost jurisdiction to modify or change the judgment record of its own motion after thirty days had expired following the judgment (Supreme Court Rule 3.25) and could only do so upon a proper proceeding instituted by a party. State ex rel. Templeton v. Seehorn, 208 S. W. 2d 789. The motion in question was not a separate action in equity, but nothing more than a motion in the same cause. It seeks to correct a judgment record to conform to what, it is alleged, the court, upon full knowledge of all the facts, intended to do but which, it is alleged, it did not do. It seeks to amend a record in a respect which would in nowise change its purport and legal effect. Its evident purpose is to amend the record to correct not clerical errors, but alleged judicial mistake, not patent of record. We believe the motion, even if it were not futile, was an improper proceeding. Jeude, et al. v. Sims, et al. 258 Mo. 26, 43, 166 S. W. 1048. Neither the motion nor the order made thereon could affect the sufficiency, force or effect of the original order as made. The trial court should have dismissed the motion upon the hearing thereof.

The order of the trial court of November 26, 1947, purporting to amend the judgment in this cause is hereby reversed; the respondents' motion for equitable relief to correct the judgment is dismissed, and the cause is remanded with directions to restore the original judgment record entered in this cause on December 4, 1946. All concur.