MATLOCK *v*. DIXON.

5-178                                        262 S. W. 2d 449

Opinion delivered November 16, 1953.

*Eugene W. Moore, Arnold M. Adams* and *H. J. Denton,* for appellant.

*Arthur N. Wood,* for appellee.

MINOR W. MILLWEE, Justice. This is an action by the appellee, Tommy Dixon, against the appellant, J. N. Matlock, on an oral contract to buy, cut and market certain timber in southern Missouri. Both parties agree that on April 17, 1950, they entered into an agreement whereby they would each pay one-half the expense of cutting and marketing, and divide the profits equally. It is appellant's contention, however, that subsequently another agreement was made whereby appellant would furnish certain winching equipment needed in the joint venture, and appellant would pay appellee $45 per thousand feet for the timber cut.

Appellee stoutly denied any change in the terms of the original agreement and contended that he had not received his due share of the profits, while appellant, in his answer and cross-complaint, asserted that appellee had not paid his one-half part of certain expenses incurred in the joint venture, and that appellant had been damaged by appellee's failure to fulfill certain obligations imposed upon him by the contract.

This same cause of action was filed by appellee against appellant in the Circuit Court of Taney County,

Missouri, on January 9, 1951. On April 16, 1951, the parties appeared in court and asked that the cause be dismissed, the defendant waiving any damages on the attachment bond which had been required. The court dismissed the case and recited that the defendant waived any and all damages he may have sustained by reason of the attachment issued therein.

On July 18, 1951, appellee filed this suit against appellant in the chancery court of Marion County, Arkansas, and caused summons to issue and personal service to be had upon him by the sheriff of Marion County leaving a copy of the same at the home of his father, J. M. Matlock, where it is alleged that appellant regularly made his home, and ran an attachment upon certain real estate of appellant in Marion County, Arkansas. In addition to the personal service of summons, appellee caused the clerk of the court to publish a warning order informing appellant of this suit pending against him and had appointed as attorney *ad litem* L. H. Cavaness, who made his report to the court on the 19th day of November, 1951. By special appearance, appellant filed his motion to quash the writ of summons and attachment. The motion was overruled. Then, also by special appearance, appellant demurred to the complaint, which demurrer was overruled. Finally, appellant filed an answer and cross-complaint, not reciting that he was appearing specially.

A final hearing of the cause was had on December 1, 1952, and a decree awarding appellee $1,307.61 and costs was rendered, from which this appeal has been taken.

Appellant urges first that the court erred in overruling his motion to quash, and that the record is silent as to any action taken by the attorney *ad litem*. While the final decree does not mention the report of the attorney *ad litem*, a separate order entered December 3, 1951, notes the making of such report.

In the motion to quash, appellant alleged that he had been a resident of Missouri for more than a year and that

the purported personal service was, therefore, void. But the trial court observed that a divorce had been granted to appellant in the Marion chancery court a few months previously, and at that time appellant had sworn that he was a resident of Arkansas. The personal service was valid under Ark. Stats., § 27-330, and appellant's apparent attempt to juggle his residence to meet the situation at hand was thwarted. Hence, whether appellant was a resident of Arkansas or Missouri, good service was had on him by one of the alternative methods and the motion to quash was properly overruled.

Appellant next contends that the court erred in overruling his demurrer, because the complaint was indefinite and uncertain. He obviously places no great faith in such argument; indeed, he passes over the point without argument. It is apparent from the record that appellee made his complaint definite and certain as soon as he obtained the necessary information through orders of the court.

Appellant argues that by appellee's taking of interrogatories, he made appellant his witness and is bound by appellant's answers, and that it was error to permit appellee to introduce testimony derogatory to the answers to the interrogatories. The transcript does not reveal that the answers were introduced in evidence or read to the court. Ark. Stats., § 28-401, provides: "In actions by equitable proceedings, either party may annex to his complaint, answer or reply written interrogatories to any one or more of the adverse parties, concerning any of the material matters in issue in the action. The answers to which, on oath, may be read by either party, as a deposition between the party interrogating and the party answering."

There is no showing that these interrogatories were read, but, even if they had been, they would, by statute, be treated as depositions, and the law governing depositions would be applicable to them. In 16 Am. Jur., Depositions, § 113, it is said:

"Ordinarily, the mere taking of a deposition, without offering it in evidence, does not make the

deponent the witness of the party at whose instance it is taken. As a general rule, however, the introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, except in case where the deponent is an adverse party. In the determination of how far a party putting in evidence answers to interrogatories propounded to the adverse party is bound thereby, it is to be remembered that such answers are generally treated as admissions. Where the answers contain matter which is adverse to the interest of the party producing the testimony, it is clear that the latter is not conclusively bound by such replies. While the party calling for them may put them in evidence for the admissions they contain, he is no more bound by their statements against his interest than he is bound by the statements of a witness he may call and who may testify in part against his interest. He can still introduce evidence contradictory of such statements and leave it to the jury to determine wherein the truth lies.''

The appellant next urges that the lower court should have sustained his plea of *res adjudicata*. It is not disputed that both the prior suit and the instant suit filed by plaintiff were based upon the same cause of action and were between the same parties. The complaint in the prior suit in Missouri and the complaint in the instant case alleged the identical cause of action for identical injuries. The judgment of the Missouri court recites: ''Comes the plaintiff by his attorney and also comes the defendant by his attorney and the plaintiff says he will not further prosecute this cause against the defendant and asks that the same be dismissed; the defendant waiving any damages on the attachment bond.

''It is therefore ordered by this court that this cause be and the same is hereby dismissed at the cost of the plaintiff and that execution issue against plaintiff for said costs.

"It is further ordered by the court that the defendant waives any and all damages he may have sustained by reason of said attachment issued herein."

Missouri Revised Statutes, 1949, § 510.150, recites: "A dismissal without prejudice permits the party to bring another action for the same cause, unless the action is otherwise barred. A dismissal with prejudice operates as an adjudication upon the merits. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

Thus, this dismissal is *res adjudicata* unless (1) it is a voluntary dismissal which the party is entitled to take without prejudice, (2) an involuntary dismissal for lack of jurisdiction or improper venue, or (3) the court otherwise specified. We hold that this dismissal falls within the first category. Missouri Revised Statutes, 1949, § 510.130, provides: "A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward. . . ." In the case of *Potter, et al.* v. *McLin, et al.*, 240 Mo. App. 708, 714, 214 S. W. 2d 751, the plaintiffs dismissed their case after the jury had been impaneled and sworn and much of the evidence on the part of the plaintiffs had been introduced. The record did not recite that it was dismissed without prejudice, and an action was brought in chancery court to have the record so state. The court, in discussing Mo. Stats., § 510.130, said: " . . . the plaintiffs did dismiss their action 'before the same is finally submitted to the jury,' and were therefore entitled to a dismissal 'without prejudice.' Under such circumstances neither the plaintiff nor the court need to specify that such a voluntary dismissal so made is 'without prejudice'."

The appellant relies strongly on the case of *Hannibal* v. *St. Louis Public Service Co.*, Mo. App., 200 S. W.

2d 568. In that case, the cause was dismissed when plaintiff failed to appear to prosecute. In a later suit on the same cause of action, the court expressly held that the dismissal was an involuntary one, under § 100, Laws Mo. 1943, p. 385, Mo. R. S. A. § 847.100, now § 510.140 R. S. Mo. 1949, V. A. M. S., which provides: "For failure of the plaintiff to prosecute or to comply with this code or any order of court, a defendant may move for dismissal of an action or of any claim against him." Thus, this was a judgment taken by default, and the case is inapplicable here. In a later case, the Missouri Supreme Court held that even where the court's order of dismissal on its own motion did not specify whether the dismissal was with or without prejudice, it would be held to be without prejudice and not an adjudication on the merits where the order of dismissal was without notice to plaintiff and an opportunity to be heard on the question of whether the dismissal should be with prejudice. *Crispin* v. *St. Louis Public Service Co.*, 361 Mo. 866, 237 S. W. 2d 153. See, also, *Bindley* v. *Metropolitan Life Insurance Co.*, 358 Mo. 31, 213 S. W. 2d 387. Since the dismissal of the Missouri action was voluntary in the instant case, the chancellor correctly overruled the plea of *res adjudicata.*

Appellant also contends that the evidence is insufficient to make out a case for appellee. We do not detail the testimony. The preponderance of the evidence supports the chancellor's findings to the effect that the parties' original agreement was never changed, and that appellant failed to account to appellee for $1,162.31 under this agreement. The testimony reflects that appellee was uneducated and inexperienced in business, while appellant was an experienced businessman, that appellant withheld information to which appellee was entitled and sought to prevent a company buying the timber from furnishing such information. Although appellee was hard pressed to obtain information that should have been freely furnished by parties engaged in a joint venture, we hold that the decree is supported by ample evidence.

Affirmed.