**LEHR v. LEHR.**

No. 7231.

Springfield Court of Appeals.
Missouri.

Jan. 14, 1954.

See also 264 S.W.2d 37.

Not to be published in State Reports.

Herbert Douglas, Neosho, for appellant.

Ruark & Ruark, Neosho, for respondent.

McDOWELL, Presiding Judge.

This appeal is from an order of the Circuit Court of Newton County, Missouri, denying appellant's motion to modify a decree of the court awarding custody of two minor children to the father.

The motion to modify was filed November 12, 1952. It was grounded on alleged changed conditions in the position of Louise J. Lehr arising since the last order of the court awarding custody of the children. The motion states that appellant was married October 18, 1952, to one, Curtis Ray; that she now lives on a farm of 167 acres in Newton County; that appellant quit work October 15, 1952, and now has full time to give to the care of her children; that appellant is now behaving herself; that the children have been raised in the Catholic faith and appellant will, if awarded such children, see that they go to the Catholic church and school regularly; that said children are not now being kept in church. The motion states that respondent is no longer a suitable person to care for the children and asks for permanent custody thereof.

The answer is a general denial.

The evidence shows that the divorce petition between the parties herein charged appellant with improper association with other men and that the court granted a divorce to Louis E. Lehr on this ground January 9, 1951. The minor children, James Louis Lehr and Joyce Louise Lehr, now age 4 and 6, respectively, were made wards of the court and Alonzo Lehr, father of respondent herein, was appointed custodian while respondent was in the armed forces. On December 27, 1951, the court sustained a motion to modify the decree awarding custody of the children made in the divorce hearing to respondent and, in that decree, he granted rights of

visitation on Saturdays and Sundays to appellant herein under the supervision of her parents.

Appellant's testimony on the present motion to modify is as follows: It shows that appellant is 26 years old; that she has, since the last decree of the court awarding custody of the children, married one, Curtis Ray, and lives with him on a farm owned by Ray's father, containing 167 acres of land and a five room house; that Ray is engaged in farming and rents an additional 80 acres of land. The testimony shows that just prior to the marriage appellant was working in a restaurant in Joplin; that she quit work on or about October 15th and was married October 18, 1952. The testimony shows that the farm ôn which she is now living is about three miles north of Fairview, the home of respondent. It shows that Curtis Ray is a man of good reputation and that appellant herein has been of good reputation since her marriage to Ray. The father of appellant's husband owns the chickens and lives with appellant and her husband on the farm. It is admitted in the testimony that the children are being well cared for now with their father and his parents and that the father has made provisions for their education by taking out four life insurance policies. The testimony discloses that since the trial the father has married and has a home of his own.

Appellant states that if granted the custody of the children she will put them in the Catholic church and she stated that she would send them to a Catholic school but she also stated that there being no Catholic school in the community in which she lives, she would probably send them to the public school.

Upon this testimony the court denied appellant's motion to modify the former decree. The court entered the following judgment:

"It is therefore ordered, adjudged and decreed by the court that defendant's motion to modify be and the same is hereby denied, except that defendant is hereby permitted and allowed to receive custody of said children for the weekends under said former decree."

Under points and authorities appellant states that changed conditions will justify the modification of the divorce decree in regard to the care and custody of the minor children and cites Foster v. Foster, Mo.App., 146 S.W.2d 849.

This law is so well established that it is hardly necessary to cite authority. Under the doctrine of res judicata motions to modify provision of original decree in a divorce suit respecting the custody of minor children cannot be entertained unless there have been new facts or changed conditions arising since the original decree.

Appellant also cites Johnson v. Fish, Mo. App., 197 S.W.2d 990, which makes the same holding as in the above case.

Appellant's second contention is that the mother is preferred for custody of minor children and cites Stricklin v. Richters, Mo.App., 256 S.W.2d 53.

This case was decided by this court and the law was stated that ordinarily, as between mother and father of a female child of tender years, the child will be placed in the custody of its mother. There is no preference as between parents as to the rights to have custody of their children except where the children are of tender years and all other things being equal the mother will be given the preference.

The third contention is that where changed conditions of the mother are shown who has a good character and is remarried will justify modification of the decree as to the custody of the minor children.

Authorities are cited under this contention to justify this rule of law. That rule of law is so well established as to not need citation of authority.

The law is also well settled that where changed conditions are shown the change

must be such that requires a change of custody for the welfare of the children.

In Brake v. Brake, Mo.App., 244 S.W. 2d 786, 801, this court stated the law as follows:

"* * * There is no question that only changed conditions since the divorce can be considered, which changed conditions must be shown as a prerequisite to the granting of the decree of modification, but the showing of the changed conditions will not alone warrant a modification of the original decree. It must be shown that the best interest of the child requires that its custody be changed. The proper rule of law is declared in Schumm v. Schumm, supra (223 S.W. 2d [122] 126): 'A provision once made becomes as conclusive as any other order or decree, and can only be modified on a showing of subsequently changed conditions. However there is this to be borne in mind—that while proof of a change in conditions is a prerequisite to the modification of a decree, such proof does not necessarily require a modification, and no modification will be made unless the welfare of the child itself requires a change in the provisions for its custody. Irvine v. Aust, Mo.App., 193 S.W.2d 336.'"

The trial court tried the divorce case. He heard the testimony as to the fitness of the parties to have custody of these children. He heard a former motion to modify and was acquainted with all of the facts pertaining to the case and we think he was justified in his judgment under the facts in this case. At least he was in a much better position to know and to judge of the credibility of the witnesses. Certainly his judgment was not a clear abuse of judicial discretion. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189, 197; Lampe v. Lampe, Mo.App., 28 S.W.2d 414; Armstrong v. Armstrong, Mo.App., 185 S.W.2d 845, 847.

Judgment affirmed.

BLAIR, J., concurs.