Leta Pauline CHERRY, Respondent,

v.

Stephen CHERRY, Appellant.

No. 7334.

Springfield Court of Appeals.

Missouri.

Nov. 15, 1954.

Joseph B. Geisler, Mountain View, for appellant.

G. W. Rogers, Gainesville, A. W. Landis, West Plains, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Howell County, Missouri, denying relief to defendant on his motion to modify a divorce decree with respect to custody of defendant's two minor children, Robert Stephen Cherry, age 7, and Ray Noble Cherry, age 5.

The motion to modify was filed February 18, 1953. The changed conditions relied upon for modification were that plaintiff's brother threatened defendant and prevented him from seeing the children while in the custody of plaintiff and that on the —— day of February, 1953, when defendant went to the home of plaintiff's father, where plaintiff and the children resided, to visit with the children, plaintiff's father came out of the house with a gun and forbade defendant to come upon the premises to see the children and refused to permit the children to visit with defendant.

The motion states that defendant believes that in the future he will be prevented from seeing his children because of the conduct of plaintiff's brother and father.

The motion asked the court to modify the divorce decree by changing custody so as to permit the children to be with defendant from Friday afternoon until Sunday night each two weeks and for such other orders as to the court may seem proper.

Plaintiff's answer pleads that she is without information sufficient to form a belief as to the conduct of her brother and father alleged in the motion. It admits the custody of the children was awarded to plaintiff and defendant as set out in the motion but denies that the court decreed a right of visitation to the parties while the children were in possession of the other party.

The answer further pleaded that the defendant was mentally and morally unfit to have custody of the children because of his violent and ungovernable temper and because of his demeanor toward the children

while in his custody and asked the court to grant full and complete custody to plaintiff and to deny defendant's motion.

The evidence shows that plaintiff and the defendant were divorced August 26, 1952. The original decree of divorce was offered in evidence. We, here, set out a part of that decree:

"Wherefore, it is the order, judgment and decree of this court that the plaintiff, Leta Pauline Cherry, be forever divorced from the bonds of matrimony contracted with Stephen Cherry; that the plaintiff be awarded the care, custody and control of the minor children, Robert Stephen Cherry and Roy Nolan Cherry, with the right granted defendant to have the custody of the children during the months of June, July and August of each year and with the further right of each party to have reasonable visitations with such children while they are in the custody of the other party. * * *"

Defendant testified that plaintiff has had custody of the children since the granting of the divorce and lived with her father on a farm in Howell County; that plaintiff's brother, at one time since the divorce, threatened defendant and told him that he did not want to see him hanging around.

Defendant stated that for the first two months after the decree of divorce he made no attempt to see the children because he did not know at that time that the court had granted him that right. He stated also that just after the divorce his wife gave him a tongue lashing. He testified the first time he attempted to see the children was at White's Station on Highway 80; that he went to the car where his wife and children were and plaintiff refused to lower the car window so he could talk to the children. He stated that he took two of his neighbors with him and went to where his wife and children resided, to visit the children; that plaintiff came out of the house and told him to leave. He testified he told plaintiff he had come to visit the children; that one of the children was with plaintiff and the oldest child started to come out and

talk to him but plaintiff told him to go back. He testified about that time Mr. Newberry, plaintiff's father, came rushing out with a gun and told defendant not to come in the yard and stated: "A. He said, 'I ain't going to have no cock-sucker in my yard'." Defendant testified the children never got to visit with him; that he had some candy, gum and cookies but plaintiff would not consent that he be permitted to give them to the children.

Defendant testified that after the incident at the farm where her father had the gun, which was about three months after the divorce, he made no further attempt to visit with the children. He testified that at the time he got custody of the children he had his attorney, Mr. Green, send the sheriff after them, which was about June 1st; that the children stayed with him during the months of June, July and August and he surrendered possession September 1st.

He testified the children had been with him two days since that time, during the last Thanksgiving; that he obtained the custody at Mr. Landis' office, the day before Thanksgiving. He testified that when he started to deliver the children back to Mr. Landis' office, as agreed, he stopped at a filling station south of West Plains; that while he was in the station to buy candy and gum for the children, plaintiff drove her car up by the side of defendant's car, where the children were, took one child out of the car and was starting to pull the other child out when he returned and prevented her. He testified that plaintiff slapped him, stamped his feet, kicked him, knocked his glasses off and scratched him; that she urged her brother to hit him; that the brother got out of the car and pulled his coat off but refused to hit defendant because he was wearing his glasses. This took place the day after Thanksgiving.

Defendant stated that plaintiff moved to Kansas City and took the children with her; that she did not notify him; that the only communication he had with her was through his attorney; that he complied with the orders of the court with reference to payments for the support of the children.

Plaintiff testified that she now lives with her brother in Kansas City; that she moved there to take care of her brother's three children, his wife being in a State Hospital. She stated they lived in a five room house; that the children attended school and church regularly and were well satisfied. She testified she and her brother both worked; she in a beauty parlor and he as a skilled machinist. Her evidence shows that the home is a suitable place for the rearing of the children and that her wages, together with the support paid by defendant, is sufficient to properly maintain said children.

Plaintiff testified that when the children were returned from defendant they were in poor physical condition and their clothing was in bad condition.

Plaintiff's testimony was to the effect that defendant was high tempered and guilty of such conduct while the children were with him as to make them nervous and upset and that the best interest of the children would be with plaintiff.

The trial court made a finding of facts in which he stated that the divorce case was filed in 1951, the hearing was had in said cause in 1952 at which time temporary custody was granted plaintiff; that defendant was awarded privilege of reasonable visits; that final hearing was had in the divorce case August 26, 1952, at which time a divorce was granted plaintiff as the innocent and injured party; custody of minor children was awarded her with defendant having the right to have the children visit him during the months of June, July and August. The finding stated that the motion to modify was heard January 20, 1954, at which time defendant requested a finding of facts.

We will not set out all of the facts but in such finding the court stated:

"* * * In March 1952, a decree of divorce was not granted, the case was taken under advisement, the reasonable visits permitted defendant with his children resulted in further complications and left this Court with the belief that such visits in the future

could possibly lead to more serious trouble hence such reasonable visits as allowed in the temporary order was not made a part of the final decree, but each party had definite months allotted them for having the children. * * *"

The court's finding then stated that defendant is not a mentally or morally unfit person but is possessed of a violent temper and is unwilling to be reasonable in his attitude and demeanor toward plaintiff. He found that defendant's attitude on his visits with the children frightened and upset them and would be in the future detrimental to their welfare. The trial court found that the home in Kansas City, where the children live, is a suitable one and that the earnings of the plaintiff, together with the support awarded, is sufficient to maintain such children. The court then entered this judgment: "Motions to modify are overruled."

In our opinion we will refer to the appellant as defendant and to the respondent as plaintiff, being the position they occupied in the divorce suit.

Where a change in custody of minor children is sought by a motion to modify decree of divorce, it is in the nature of an independent action and the motion is treated as a petition in an original action. However, in this case the movant is called defendant and we shall refer to him as such. Luethans v. Luethans, Mo.App., 243 S.W.2d 801.

On appeal from a judgment denying a motion to modify a decree of divorce, the court of appeals must review the whole record as in cases of an equitable nature and decide the case on its merits, according to the interests of the child, having in mind a proper deference for findings of the trial court on disputed questions of fact where matters of credibility of witnesses are involved. Wilson v. Wilson, Mo.App., 260 S.W.2d 770; Hensley v. Hensley, Mo.App., 233 S.W.2d 42.

Under the law the burden of proof is upon the defendant, who is seeking change in custody provisions of the divorce decree, to show such change in conditions as would compel a change of custody. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189.

Proof of a change in conditions does not necessarily require modification of a divorce decree awarding custody of children, and no modification will be made unless the welfare of the child requires the change in custody. Lehr v. Lehr, Mo.App., 264 S.W.2d 35; Luethans v. Luethans, supra; Hensley v. Hensley, supra.

In the last case cited, Judge Vandeventer, speaking for the court, stated the law on page 42 of 233 S.W.2d of the opinion:

"* * * This kind of a case is heard de novo in this court and it is our duty to render such judgment as we think, upon proper evidence the trial court should have rendered, at the same time giving due deference to its decision, because it saw and heard and was in a better position to pass upon the credibility of the witnesses. * * *" (See cases cited.)

Under Section 512.160 RSMo 1949, V.A.M.S., the law is stated:

"2. No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action.

"3. The appellate court shall examine the transcript on appeal * *, award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, or give such judgment as such court ought to have given, as to the appellate court shall seem agreeable to law. Unless justice requires otherwise the court shall dispose finally of the case on appeal and no new trial shall be ordered as to issues in which no error appears."

Defendants first complains that the trial court erred in declaring by its written finding of facts that the parties did not have the right of reasonable visitation with the

children while said children were in the custody of the opposite party, because such finding is in conflict with the decree of the court.

To sustain this contention defendant cites Supreme Court Rule 3.25, 42 V.A.M.S., and Potter v. McLin, 240 Mo.App. 708, 214 S.W.2d 751.

Supreme Court Rule 3.25 merely states that the trial court retains control over judgments during the thirty day period after entry and may reopen, correct or modify the same for good cause shown. The same law is declared in Potter v. McLin, cited.

■ There is no merit in defendant's contention under this assignment of error. The motion to modify the provisions of the original divorce decree respecting custody of minor children are barred by the doctrine of "res adjudicata" unless there have been new facts or changed conditions arising since the original decree. It is true that the court has no power to modify the judgment as to the decree of divorce after thirty days unless there has been a timely motion for new trial filed but, under the law, the court is vested with control of minor children until they reach the age of twenty-one years.

■ This allegation of error has no merit for the reason that regardless of what the court stated in his findings of fact about the terms of the judgment rendered in the divorce decree, the court's judgment denied defendant's motion to modify and it denied plaintiff's cross-motion to modify leaving the original judgment as it was. There was no modification or change in that judgment.

Defendant's second allegation of error complains that the trial court erred in refusing to set out in its written finding of facts the facts under the evidence with regard to paragraphs 3 and 4 of movant's motion.

Paragraphs 3 and 4 of defendant's motion complain that defendant was prevented from seeing his children because plaintiff's brother threatened him and because plain-

tiff's father, by the use of a gun, forbade him to come upon his premises to visit his children and for the reason that defendant believes that the same difficulty will arise in the future if he attempts to see his children.

These facts did not exist at the time of the hearing of this motion to modify. Plaintiff and the children were no longer in Howell County but were living in Kansas City where the brother and father, whose conduct was complained of, did not live and could not have interfered with any visits defendant might have made to see his children. There is no merit in this contention.

■ There is another reason why this assignment of error should not be considered. Defendant has wholly failed to comply with Supreme Court Rule 1.08. No authority is cited to sustain this contention.

Under point III defendant complains that the findings of facts upon which the court bases its decision to overrule defendant's motion to modify are not sustained by the evidence, and show bias and prejudice of the court against the defendant.

We have carefully read the testimony and find that the judgment of the trial court was amply sustained by the evidence. Defendant points out no evidence to sustain his contention and we think there was none.

Under point IV defendant contends that the finding of facts, as set forth by the court, afford plaintiff affirmative relief to which she is not entitled under the pleadings and the evidence.

We find plaintiff was not granted any affirmative relief and, therefore, there is no merit to this contention.

Under point V defendant contends the trial court erred in not granting the relief prayed for in defendant's motion.

To sustain this contention he cites Perr v. Perr, Mo.App., 205 S.W.2d 909. This case holds first, that a divorce decree granting custody of a minor child may be modified only on a showing of changed

conditions. Secondly, that the welfare of the child is the court's first consideration to which parents' own wishes must yield if opposed to such welfare. Thirdly, that where both parents were devoted to the child and of good moral character, the child should be afforded opportunity of having reasonable contacts with both parents.

We think that defendant's evidence shows that under the decree of the court he had a right to visit his children at reasonable times while in the custody of plaintiff; that any willful violation of the judgment of the court by plaintiff would be such a changed condition, if the welfare of the children demanded, for the court to have modified its decree. However, under the evidence in this case we find that the trial court was justified in denying defendant's motion to modify because the welfare of the children is best served by leaving the judgment as it is. These children are now in Kansas City. The oldest child is in school. It would be almost an impossibility to have that child transferred back to Howell County every two weeks as prayed for in defendant's motion. Under the evidence in the case the defendant's contention is so unreasonable that this court could not convict the trial court of any error in refusing it.

Defendant cites Williams v. Williams, Mo.App., 211 S.W.2d 740.

This case holds first, that a judgment to modify must be based upon changed conditions since the original decree. Secondly, that changed conditions alone are insufficient to warrant an order of modification, but the child's welfare, in view of changed conditions, must appear to require change in custody order.

Defendant cites Shepard v. Shepard, Mo. App., 194 S.W.2d 319.

This case, like the other authorities cited, properly declares the law and we find fully supports the judgment of the trial court.

Judgment affirmed.

STONE, J., concurs.