Everett HENSLEY, Respondent,

v.

Ava Hensley LAKE, Appellant.

No. 7303.

Springfield Court of Appeals.

Missouri.

Jan. 3, 1955.

Green & Green, West Plains, for appellant.

Rogers & Rogers, Gainesville, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Ozark County denying defendant's motion to modify a divorce decree as to custody of minor child.

The motion was filed December 15, 1952, in Ozark County. It alleged that Everett Hensley was granted a divorce from defendant March 28, 1949, and awarded custody of Geneva Lois Hensley, their minor

child, with rights of visitation granted defendant once each month and the right of defendant to have the child thirty days in June. The decree provided that plaintiff should keep the child with his sister, Mrs. Beeda Adams at Republic, Missouri.

May 9, 1949, this decree was modified in that defendant was denied the right to have the child for any length of time because of her unfitness. .

The motion alleges that since the last order of the court touching the custody of this child, defendant has married a Mr. Lake and lives in Waldport, Oregon; that they have a lovely home, well furnished, near school and church and are highly respected; that her husband has a large income and that the defendant is now able to provide a good home, educate and give good moral surroundings to said child if granted the custody thereof. She prays that the court award her custody at least half of the time.

The answer is a general denial.

The evidence is that defendant was divorced from Everett Hensley, March 28, 1949, in Ozark County; that the custody of Geneva Hensley, now of the age of 13 years, born of this marriage, was awarded plaintiff with visitation rights granted defendant monthly and a right to have her 30 days in June. The order further provided that plaintiff was to keep Geneva in the home of his sister, Mrs. Beeda Adams, in Republic, Missouri.

The evidence is that at the time of the divorce defendant had two other children, a boy and girl, of whom plaintiff was not the father, and she had been deprived of the custody of her girl by the court in Howell County because of unfitness.

After the divorce defendant lived in Mountain Grove for about a year; that during that time the court investigated her conduct, had written her a letter that she was being deprived of the custody of Geneva because of her unfitness; that she then moved to the state of Oregon and now lives at Philomath; that in September, 1951, she married T. B. Lake, who was at that time engaged in the logging business. It is admitted that she and her husband own no real property; that they live in a rented house and a house trailer and they move from log camp to log camp according to where her husband works; that they have lived in many places since their marriage. They state that if the custody of the child is granted them they intend to purchase a home and now have $150 paid on it.

Their testimony is that Mr. Lake earns between $600 and $800 per month; neither of them belong to a church nor attend church regularly. Mr. Lake stated he worked on Sundays.

Defendant offered testimony by depositions of people, who worked under her husband or with him for his employer, that she was a good housekeeper, clean and, in their opinion, the child would have a good home with them. There was no testimony showing her good reputation for morality or that she had changed her habits since getting the divorce. In fact, the witnesses who testified based their opinions upon such short acquaintance or lack of acquaintance as to make the opinion evidence valueless.

The testimony on the part of plaintiff is that the home where the child now resides is a very suitable place for her, owned by plaintiff's sister in Republic. The home is a modern five room house and there is no contention that the moral surroundings of this home are not good. The child is 13 years of age, in the eighth grade and is kept in school and church regularly. The father is paying for her keep. He has remarried and is now living in St. Joseph but regularly visits the child and is looking after her welfare.

In our opinion we will refer to appellant as defendant and respondent as plaintiff, the position they occupied in the divorce action.

■  On appeal it becomes the duty of the court to view the whole record as in cases of an equitable nature and decide the case on its merits according to the interests of the child, giving due deference to the trial court's findings on disputed questions of fact where matters of credibility of

witnesses are involved. Wilson v. Wilson, Mo.App., 260 S.W.2d 770; Hensley v. Hensley, Mo.App., 233 S.W.2d 42.

■ The burden of proof is upon defendant to show such change in conditions since the divorce hearing as would compel a change of custody. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189.

■ Proof of a change in conditions does not necessarily require a modification of the divorce decree awarding custody of children, and no modification will be made unless the welfare of the child requires such change in custody. Lehr v. Lehr, Mo. App., 264 S.W.2d 35; Luethans v. Luethans, Mo.App., 243 S.W.2d 801; Hensley v. Hensley, supra.

Under section 512.160 RSMo 1949, V.A. M.S., the law is stated:

"2. No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action."

Under points and authorities defendant complains that the trial court erred in refusing to modify the decree granting the mother part time custody of her child.

To support this contention defendant cites Lambert v. Lambert, Mo.App., 222 S.W.2d 544, 548. In this case the law is stated:

"The pleasure and benefit of friendly association with both parents should be accorded to a child unless some reason is present which would make the association with one or the other of them harmful or impractical. * * *"

This case is cited with approval in Fago v. Fago, Mo.App., 250 S.W.2d 837, 842. The court stated:

" * * * There is no basis upon which to speculate that Jo-Ann's association with her father would be harmful in any sense. 'The pleasure and benefit of friendly association with both parents should be accorded to a child'.

Lambert v. Lambert, Mo.App., 222 S. W.2d 544, loc. cit. 548. * * *"

■ The law under the facts in the authorities cited is properly declared. Every child should have the benefit of the association with its parents unless the welfare of such child demands otherwise. In the case at bar the trial court, basing his judgment upon the best interest of the child, found that the home wherein she lives was an excellent place in which to raise this girl. The court then said:

" * * * The court does not believe, from the evidence, that the mother and her present husband will afford this child an adequate and respectable home, and does not believe there is a sufficient change of circumstances since the original decree to justify this Court in changing any of the terms of that decree."

■■ Defendant's evidence shows that she is married to a man engaged in logging; that they go from camp to camp wherever his work takes him; that they own no home and belong to no church. Could a court find, from this evidence, that the dragging of a child from one log camp to another would be a wholesome place to properly raise and educate her? The evidence wholly fails to sustain the allegations in defendant's motion, that they own a lovely home, well equipped in Waldport, Oregon, and that such home is near a school and church and that defendant would be able to provide the child with a good home, education and good moral surroundings.

The court is asked to take this child out of a good home, where she has been for five years, is now in school in the eighth grade and to send her out of the State, where the court would lose jurisdiction. The grounds for divorce do not appear in the action but the fact that the court found defendant an unfit person to have custody of her child and that she was deprived of another child by another court would cause the court to require defendant to show that she was now morally fit to have custody of this child.

Her evidence is wholly insufficient to justify such a finding. We think the evidence amply justifies the finding of the trial court that the best interest of the child involved is in the home where she now is.

Judgment affirmed.

STONE, J., concurs.